PRINCE *v.* RIDENOUR ET AL.

[Cite as Prince v. Ridenour (1980), 65 Ohio Misc. 1.]

(No. 80 CVF 1186—Decided July 29, 1980.)

Akron Municipal Court.

*Mr. Thomas J. Lowrey,* for plaintiff.
*Mr. Marc P. Gertz,* for defendant Sears, Roebuck & Co.

GEORGE, J. The plaintiff has moved the court for several orders: To strike the answer of the defendant, Sears, Roebuck & Company; to dismiss Sears' counterclaim; and, for judgment by default. The plaintiff argues that Sears' answer was not served within the twenty-eight day period following service of summons as required by Civ. R. 12(A)(1).

Civ. R. 12(A)(1) states, in pertinent part:

"The defendant shall *serve* his answer within 28 days after service of the summons and complaint upon him***." (Emphasis added.)

It is undisputed that the complaint was served upon the defendant Sears on February 1, 1980. Calculating from that date, the answer by rule was required to be served up to February 29, 1980. Sears' answer and counterclaim was deposited in the mail to plaintiff's counsel on February 27, 1980, and filed with the court on March 3, 1980.

The plaintiff contends that the answer was beyond rule as it was not filed with the court until March 3, 1980. The defendant contends that the answer was within rule as it was served upon the plaintiff by depositing it in the mail on February 27, 1980.

The language "within 28 days after service" means that the day of service, February 1, 1980, is not to be counted. The answer then is required by rule to be served within twenty-eight days after February 1, 1980, or between February 2, 1980 and February 29, 1980.

Whether or not defendant complied with Civ. R. 12(A)(1) is dependent upon the court's interpretation of the word serve, as used in the rule.

Civ. R. 5 governs the service and filing of pleadings subsequent to the original complaint. The court finds no judicial interpretations of that rule nor of Rule 5 of the Federal Rules of Civil Procedure, which is identical to Ohio's rule. Therefore, an interpretation must be based upon the language of the various rules applicable to the question raised by the plaintiff's motion.

Civ. R. 5(B) provides that service by mail is complete upon mailing, and paragraph (D) states:

"All papers, after the complaint, required to be served upon a party shall be filed with the court within three days after service."

The primary requirement of the Rules is that service on the opposing party be completed within twenty-eight days and that filing with the court occur within three days after that.

In the instant case, service of summons was made on February 1, 1980. The certificate of service by defendant's counsel indicates that a copy of the answer and counterclaim was mailed on February 27, 1980. This pleading was subsequently filed with the court on March 3, 1980.

Should the defendant serve plaintiff and not file with the court, the motion to strike would then be meritorious. The defendant must do two things: first, serve opposing counsel

within twenty-eight days, and second, file the answer with the court within three days of service on the plaintiff.

The defendant deposited in the mail its answer and counterclaim on February 27, 1980. That date falls within the twenty-eight day time period required by Civ. R. 12(A)(1). Further, the defendant filed its answer and counterclaim with the Court on March 3, 1980. While Rule 5(D) requires that filing occur within three days after service upon the plaintiff, the third day here was a Saturday. The first regular court day thereafter was Monday, March 3, 1980, and filing, therefore, was within rule. Rule 6(A).

The primary object of the service requirement in Rule 12(A)(1) is to notify the plaintiff of the defenses asserted by the defendant, so that the plaintiff may appropriately respond. This interpretation is consistent with the requirement for certification, Rule 5(D), and the staff note thereto, which both recognize service upon the opposing party, rather than filing with the court, as the main objective of the rule.

The service required under Civ. R. 12(A)(1) is satisfied by depositing the answer in the mail within the twenty-eight days after receipt of the summons.

In view of the foregoing, the court finds that the defendant has responded to the complaint in a timely fashion and in compliance with Civ. R. 12(A)(1).

Therefore the motions of the plaintiff to dismiss Sears' answer and for default judgment are denied.

There is no similar time restriction placed upon the filing of a counterclaim, and the plaintiff's motion to dismiss the defendant's counterclaim is likewise denied.

*Motions denied.*