AMIRI, Appellee,

v.

THROPP, Appellant.

[Cite as *Amiri v. Thropp* (1992), 80 Ohio App.3d 44.]

Court of Appeals of Ohio,
Ottawa County.

No. 910TO27.

Decided May 15, 1992.

46

*Gary A. Kohli,* for appellee.

*John A. Brikmanis,* for appellant.

---

*Per Curiam.*

Defendant-appellant, Margie L. Thropp, appeals from a default judgment granted to appellee, Hassoon Al Amiri, by the Port Clinton Municipal Court. Amiri was awarded $6,115 in compensatory damages and $1,573.40 in attorney fees.

The procedural facts relevant to this case are as follows. Amiri filed an amended complaint, which added Thropp as one of the defendants in this case, on January 19, 1990. Amiri's causes of action were based upon breach of contract, breach of fiduciary duty and fraud. On February 22, 1990, Thropp filed, *pro se,* a request for a thirty-day extension in which to answer the complaint and/or to obtain legal counsel. The trial court granted this motion on February 26, 1990; the docket sheet notes that copies of this order were "sent to each party."

On March 23, 1990, Thropp filed, *pro se,* an "answer" to the amended complaint. The "answer" consisted of a handwritten cover letter signed by "Margie L. Thropp" and a copy of the amended complaint containing handwritten denials and comments to each allegation therein. Each interlineation was initialed "m.t." The answer was not endorsed with proof of service as required by Civ.R. 5(B). On May 1, 1990, Amiri filed a motion to strike Thropp's answer because it was unsigned. Amiri requested that, pursuant to Civ.R. 11, the answer be stricken as a sham and a fraud and that the action proceed as if the pleading had not been filed. Amiri further noted that Thropp had failed to serve him with a copy of the answer. The motion to strike was granted on May 3, 1990. On June 4, 1990, Amiri filed his motion for a default judgment. Although that motion was granted by the trial court, the stamp sustaining the motion bears no date. The ruling on the motion for a default judgment does not appear on the docket sheet. At a hearing on the issue of damages only, held on July 6, 1990, Thropp appeared. The court informed her that she had not answered the "charge" and that this "resulted in a default." In its judgment entry, awarding damages and attorney fees, dated July 13, 1990, the trial court stated:

"This matter was tried to the court July 6, 1990, the court having previously granted a Motion for Default Judgment against * * * Margie Thropp * * *. The July 6, 1990 hearing was on the issue of damages."

Thropp attempted to appeal the judgment entry of July 13, 1990; however, this court found that the order was not final and appealable because claims against another defendant remained pending in the trial court. We dismissed the appeal. Subsequently, on May 23, 1991, Amiri's motion to dismiss his complaint against the remaining defendant was granted. Thropp timely appealed that judgment and sets forth five assignments of error:

"I. The defendant-appellant, for this assignment of error, says that the judgment rendered by the Port Clinton Municipal Court of Ottawa County, Ohio is erroneous in the following respect: The trial court erred in considering plaintiff's motion to strike as it was not timely filed.

"II. The defendant-appellant, for this assignment of error, says that the judgment rendered by the Port Clinton Municipal Court of Ottawa County, Ohio is erroneous in the following respect: The trial court erred in striking defendant, Margie L. Thropp's, answer and granting plaintiff's motion for default judgment. The court erred because it failed to recognize that a signed 'answer' was submitted by defendant, Margie L. Thropp, and although not typical in form, did meet the requirements of the Ohio Rules of Civil Procedure and was a sufficient answer. The trial court erred in granting default judgment as default is only available when a party has failed to plead or otherwise defend, unlike the circumstances present here.

"III. The defendant-appellant, for this assignment of error, says that the judgment rendered by the Port Clinton Municipal Court of Ottawa County, Ohio is erroneous in the following respect: The trial court erred when, by granting motions to strike and for default judgment against defendant-appellant, as the complainant-appellee's pleadings violated Rule 11 as they were signed by an attorney not of record.

"IV. The defendant-appellant, for this assignment of error, says that the judgment rendered by the Port Clinton Municipal Court of Ottawa County, Ohio is erroneous in the following respect: The trial court erred in finding defendant, Margie L. Thropp, liable on plaintiff's complaint as a matter of law.

"V. The defendant-appellant, for this assignment of error, says that the judgment rendered by the Port Clinton Municipal Court of Ottawa County, Ohio is erroneous in the following respect: The trial court erred when it awarded attorney's fees to plaintiff."

In her first assignment of error, Thropp asserts that the motion to strike was untimely under Civ.R. 12(F).

Civ.R. 12(F) provides, in part, that a motion to strike any insufficient claim or defense or any redundant or immaterial or scandalous matter in a pleading should be made within twenty-eight days after service of that

pleading on a party. However, Amiri did not file a motion to strike pursuant to Civ.R. 12(F). His motion was filed pursuant to Civ.R. 11 which requires verification of pleadings through the signature of the party or his attorney. There are no time constraints regulating the filing of a Civ.R. 11 motion. Accordingly, Thropp's first assignment of error is found not well taken.

Thropp maintains, in her third assignment of error, that Amiri's motion to strike and motion for default judgment violates Civ.R. 11 because they are not signed by his attorney of record as required by M.C.Sup.R. 3. That is, Thropp contends that all motions filed in a case must be signed by the attorney designated as the trial attorney in a pleading. M.C.Sup.R. 3 requires that in civil cases the attorney who is to try the case shall be designated as such on all *pleadings.* A motion is not a pleading. See Civ.R. 7. Therefore, Thropp's third assignment of error is found not well taken.

In her second assignment of error, Thropp contends that the trial court erred in striking her answer because it was signed and it clearly stated an adequate defense.

Civ.R. 11 reads, in pertinent part:

"A party who is not represented by an attorney shall sign his pleading and state his address. * * * If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it *may* be stricken as sham and false and the action may proceed as though the pleading had not been served. For a *willful* violation of this rule an attorney *may* be subjected to appropriate action." (Emphasis added.)

The question before this court is, therefore, whether the municipal court abused its discretion in striking Thropp's answer for failure to comply with the verification requirement of Civ.R. 11. An abuse of discretion occurs when a court acts in a manner which is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 483, 450 N.E.2d 1140, 1142. The purpose of verification of a pleading is to prevent groundless complaints or defenses. Civ.R. 11. In this case, Thropp's signature and address were contained within the letter accompanying her "answer." In addition, Thropp initialed each denial or comment. This, absent any showing of intent to defeat the purpose of Civ.R. 11, was sufficient to satisfy the requisites of the rule. Amiri offered no evidence that Thropp signed her pleading with the knowledge that her answers were groundless. In this case, the court literally "rubber-stamped" its approval of the motion to strike and, in doing so, acted in a manner which was arbitrary, unreasonable and unconscionable.

Nevertheless, Amiri set forth a second ground for his motion to strike. He asserted that Thropp had failed to properly serve him with a copy of the answer.

Civ.R. 12(A) provides that a "defendant shall serve his answer * * *." Civ.R. 5(A) states, in material part, that "every pleading subsequent to the original complaint * * * shall be served upon each of the parties." Where a party is represented by an attorney, service must be made upon that attorney. Civ.R. 5(B). The defendant must then, within three days of service on the plaintiff, file the answer with the court. Civ.R. 5(D). The filed pleading must be endorsed with a proof of service. *Id.* The primary purpose of the service requirements of Civ.R. 12(A) and 5(A) is to notify the plaintiff of the defenses raised by the defendant so that the plaintiff can make an appropriate response. *Prince v. Ridenour* (1980), 65 Ohio Misc. 1, 3, 19 O.O.3d 27, 28, 413 N.E.2d 867, 869. Thus, if the defendant files her answer but that pleading does not contain an endorsement of proof of service, the court will not consider the paper filed. Staff Note to Civ.R. 5(D). Here, Thropp's answer contains no endorsement of proof of service. Amiri asserted in his motion to strike that he had not been served with a copy of the answer. For this reason, the trial court did not abuse its discretion in striking Thropp's answer. Her second assignment of error is found not well taken.

Thropp's fourth assignment of error raises arguments involving the merits of her defense. This case was not decided on the merits; therefore, there is no evidence in the record of this cause which would permit this court to review arguments related to the validity of Thropp's defenses. Our review is limited to the grant of the default judgment and the record of proceedings leading to that judgment. See App.R. 9; App.R. 12(A). Thropp's fourth assignment of error is found not well taken.

In her fifth assignment of error, Thropp contends that the municipal court erred in awarding Amiri attorney fees. Thropp correctly states that, as a general rule, attorney fees are not recoverable unless authorized by statute as a cost of litigation or unless the losing party has acted in bad faith. *State ex rel. Kabatek v. Stackhouse* (1983), 6 Ohio St.3d 55, at 55–56, 6 OBR 73, at 73–74, 451 N.E.2d 248, at 248–249. Amiri counters this argument by pointing out that he alleged a claim for fraud in his complaint. He cites *Sorin v. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527, for the proposition that tort actions involving fraud, insult or malice give rise to the recovery of reasonable attorney fees. This is true. Nevertheless, a mere allegation of fraud is insufficient to support an award of attorney fees. The right to recover reasonable attorney fees is coupled with an award of punitive damages. That is, if punitive damages are proper, the aggrieved party may

also recover reasonable attorney fees. *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 543 N.E.2d 464; *Wing Leasing, Inc. v. M & B Aviation, Inc.* (1988), 44 Ohio App.3d 178, 183, 542 N.E.2d 671, 677. Amiri requested but was not awarded any punitive damages. Moreover, no evidence exists in the record of this case to support an award of punitive damages. Because the factfinder must first determine that punitive damages are warranted, the trial court could not, in the instant case, award Amiri any attorney fees. *Columbus Finance, Inc. v. Howard* (1975), 42 Ohio St.2d 178, 183, 71 O.O.2d 174, 176, 327 N.E.2d 654, 658; *White v. Moody* (1988), 51 Ohio App.3d 16, 554 N.E.2d 115. Additionally, no evidence was offered to establish bad faith or any willfulness which would have permitted an award of attorney fees pursuant to Civ.R. 11.[1] Thropp's fifth assignment of error is found well taken.

We have considered Thropp's assignments of error as required by App.R. 12(A). None of the errors raised were so prejudicial to Thropp that they required a reversal of the default judgment entered by the court below. Nonetheless, certain procedural errors which occurred in the trial court caused such substantial and material prejudice to Thropp that they constituted plain error and deprived the court of the authority to enter a judgment pursuant to Civ.R. 55(A).

Civ.R. 55(A) provides, in material part:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the *hearing on such application.* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties." (Emphasis added.)

---

1. Generally, Civ.R. 11 permits assessment of attorney fees only against the attorney who willfully violates this rule. *Newman v. Al Castrucci Ford Sales, Inc.* (1988), 54 Ohio App.3d 166, 561 N.E.2d 1001. The rule does not specifically state that *pro se* litigants are subject to sanctions. However, because no willfulness was demonstrated, we need not reach this issue.

Therefore, where a defendant who fails to timely file an answer has otherwise "appeared" in an action, due process requires that this defendant be served with written notice of the application for default judgment seven days prior to the hearing on the application, *i.e.*, on the merits of the default judgment itself. *Amca Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 10 OBR 417, 461 N.E.2d 1282. A defendant who files a timely motion for an extension to plead has appeared in the action so as to trigger the seven-day notice requirement of Civ.R. 55(A). *Hardware & Supply Co. v. Edward Davidson, M.D., Inc.* (1985), 23 Ohio App.3d 145, 23 OBR 371, 492 N.E.2d 168.

Thropp filed a written request for an extension of time in which to file her answer. The trial court, in its discretion, granted that motion. *Marion Production Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 533 N.E.2d 325. The docket sheet indicates that a copy of the request for an extension and the court's ruling was sent to Amiri. Amiri never objected to the request or the ruling. We, therefore, find that for the purpose of Civ.R. 55(A) notice requirements, Thropp made an appearance in the proceedings below.

The Staff Note to Civ.R. 55 read, in part:

" * * * [Civ. R.] 55 provides for a single step default procedure. Thus, if defendant fails to plead or otherwise defend, plaintiff, after answer time expires, applies to the court for a default judgment. *A hearing time is set.* After hearing, the court grants a default judgment for a liquidated or unliquidated sum as the case may be.

" * * *

"In the example set forth in the previous paragraph, it was unnecessary for the plaintiff to send defendant a notice of the *default hearing* seven days prior to the *default hearing*. If, however, under [Civ.R.] 55(A), defendant, although he had not answered, had 'otherwise' defended or 'appeared,' plaintiff would be required to send defendant notice of the *default hearing*." (Emphasis added in part.)

In a case such as this one, we construe Civ.R. 55(A) and the accompanying Staff Note as requiring seven-day notice of the hearing which imposes liability upon the defendant and may or may not include an assessment of damages. Thus, notice of a hearing on the damages issue only would not satisfy the seven-day notice mandated under the rule. However this is exactly what occurred in the case before us. On June 4, 1991, Amiri mailed a letter to Thropp announcing his intention to file a motion for default judgment. The motion was filed on that same date and stamped by the trial court as being sustained. The sole hearing held was on the issue of damages only

on July 6, 1990. Although Thropp was notified of this hearing by the court and appeared, she was told that the default judgment had been entered against her. She was permitted to question Amiri only as to damages. Amiri supplied no proof of his claim. For this reason, we find that the notice requirement of Civ.R. 55(A) was not satisfied, and the default judgment entered by the Port Clinton Municipal Court is invalid.

On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Port Clinton Municipal Court is reversed. This cause is remanded to that court for further proceedings not inconsistent with this judgment.

*Judgment reversed*
*and cause remanded.*

MELVIN L. RESNICK and SHERCK, JJ., concur.

ABOOD, J., concurs in judgment only.