OPINION
On February 17, 1998, Liberty Savings Bank, FSB ("Liberty") filed a complaint in foreclosure in the Franklin County Court of Common Pleas against Robert J. Biscello, Jr. and various other named defendants who may have claimed an interest in the properties subject to the foreclosure action. Liberty averred that it was the holder of a note and a mortgage given to secure such note, Mr. Biscello was in default of such note, the mortgage was a valid lien upon the real estate described in the mortgage, and Liberty was entitled to have the mortgage foreclosed. Attached to the complaint were copies of the note and mortgage. In addition to foreclosure of the mortgage, Liberty sought judgment against Mr. Biscello for $233,670.67 with interest plus other costs and charges. Mr. Biscello filed an answer wherein he admitted he was the holder and owner of the note and mortgage and generally denied all other averments in the complaint.
On September 9, 1998, Liberty filed a motion for summary judgment contending there were no genuine issues of material fact, and Liberty was entitled to judgment as a matter of law. Attached to the motion was the affidavit of J.B. Stamper, assistant vice-president of Liberty. Mr. Stamper stated that Liberty was the holder of the note and mortgage, Mr. Biscello was in default of payment under the terms of the note and mortgage, Liberty had elected to accelerate the entire balance due, and Mr. Biscello owed $233,670.67 in principal, plus interest and certain advances. Mr. Biscello and the other defendants did not file memorandums contra or otherwise respond to the motion for summary judgment.[1]
On October 8, 1998, the trial court filed an entry granting Liberty's motion for summary judgment and also journalized a decree in foreclosure. Mr. Biscello filed a notice of appeal on November 4, 1998. No other party has appealed.
Mr. Biscello (hereinafter "appellant") asserts the following assignments of error:
 I. The trial court erred and/or abused its discretion in granting summary judgment for Plaintiff-Appellee.
 II. The trial court erred because there is a genuine issue of fact preventing the issuance of a summary judgment decision.
 III. The Plaintiff-Appellee filed for foreclosure despite good faith efforts on Defendant-Appellant's behalf to remedy the situation.
Appellant's assignments of error are interrelated and will be addressed together. We note that below, appellant was represented by counsel; however, appellant represents himself on appeal. Appellant asserts in his brief that prior to the foreclosure action, he had received demand and default letters regarding the nonpayment of the mortgage. Appellant further asserts that he contacted Liberty (hereinafter "appellee"), and a verbal agreement was reached whereby appellant would make payments to "catch up" on the payment arrearages. Appellant then received the complaint herein. Given these "facts," appellant contends that summary judgment was improper.
Appellee correctly points out in its brief that appellant failed to produce any evidence below pursuant to Civ.R. 56(E) showing there was a genuine issue of fact. Indeed, appellant did not file a memorandum contra or respond by affidavit or otherwise to appellee's motion for summary judgment. Under Civ.R 56(C), the only "evidence" that can be considered by the trial court in ruling on a motion for summary judgment includes the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact. The assertions made by appellant in his brief may not be considered by this court in reviewing the trial court's granting of summary judgment. However, notwithstanding this and for reasons unrelated to appellant's contentions in his brief, we vacate the trial court's judgment.
The record before us indicates a defect as to service of the motion for summary judgment. Neither party raised this issue in their briefs. Under App.R. 12(A)(2), courts of appeal have discretion in deciding whether or not to address an issue not briefed or raised in the trial court. State v. Peagler (1996),76 Ohio St.3d 496, 499; State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170, citing Hungler v. Cincinnati (1986),25 Ohio St.3d 338. It is important to note that unlike in 1981 Dodge Ram Van, the issue this court raises suasponte could not have been raised by appellant below because it was presumably not known by appellant — and through no fault on his part. Indeed, the issue this court raises is the failure of service upon appellant of the motion for summary judgment. Obviously, if appellant was not served with such motion, he would not file a response. If appellant did become aware of such failure, it would not have been until after the trial court entered judgment against him. Therefore, this court, in its discretion,sua sponte raises the issue of whether or not appellant was served with the motion for summary judgment and the effect thereof.
The record in the case at bar indicates that appellee's motion for summary judgment contained a "CERTIFICATE OF SERVICE" which stated:
 The undersigned hereby certifies that a true and exact copy of the foregoing Motion for Summary Judgment and Affidavit in support thereof have been duly served upon the following parties or counsel of record by ordinary U.S. mail, postage prepaid this _____ day of July, 1998: [Emphasis added.]
The blank line that should have contained a day of the month was not filled in. Further, the motion is time-stamped as being filed in September; however, the certificate of service erroneously contains a date of July.
Civ.R. 5(D) states that the proof of service shall state the date and manner of service. The certificate of service herein contains no date. We can only conclude from the record before us that the motion for summary judgment was not served upon the parties, including appellant. The question then becomes what is the effect of appellee's deficient certificate of service.
Civ.R. 5(A) states that every written motion shall be served upon each party. Further, Civ.R. 5(D) states that papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. Hence, under Civ.R. 5, the trial court erred in considering appellee's motion for summary judgment since it lacked a sufficient certificate of service. See Holmes v. Community College of Cuyahoga Cty. (1994),97 Ohio App.3d 678, 685 (Civ.R. 5[D] is mandatory and is required to comply with due process); Amiri v. Thropp (1992), 80 Ohio App.3d 44,50 (trial court did not abuse its discretion in striking an answer that contained no endorsement of proof of service); O'Brien v. Citicorp Mortgage, Inc. (Feb. 24, 1994), Franklin App. No. 93AP-1074, unreported (1994 Opinions 560, 566-567) (amended complaint was not properly before the trial court, and the trial court was precluded from considering a complaint that did not contain a certificate of service as required by Civ.R. 5[A] and [D]); and Enyart v. CMACAO (Sept. 6, 1994), Franklin App. No. 93APE12-1658, unreported (1994 Opinions 4067, 4070-4072) (pursuant to Loc.R. 19.01 of the Franklin County Court of Common Pleas and Civ.R. 5, trial court not permitted to consider a notice of appeal that did not contain a certificate of service).
Accordingly, the trial court erred in considering appellee's motion for summary judgment and in subsequently granting judgment thereon. Therefore, the trial court's judgment must be vacated. In light of our ruling, appellant's assignments of error are rendered moot.
In accordance with the foregoing, appellant's assignments of error are moot, and the judgment of the Franklin County Court of Common Pleas is vacated. This cause is remanded to such court for further proceedings consistent with law.
Judgment vacated and cause remanded.
BOWMAN, P.J., and BRYANT, J., concur.
[1] Some defendants were in default of answer.