OPINION
Defendant-appellant, Vaughn D. George, pro se, appeals the October 18, 1999 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting default judgment in favor of plaintiff-appellee, Jocelyn E. Scales. The default judgment establishes a parent-child relationship between appellant and Jordan Scales, born to appellee Jocelyn E. Scales, on May 20, 1998, and orders, inter alia, child support by appellant. Appellant challenges the validity of the trial court's default judgment, and for the reasons that follow, we reverse.
On April 2, 1999, appellee filed a complaint seeking to establish a father-child relationship between appellant and appellee's child, Jordan, born May 20, 1998. The complaint also sought an order that appellant pay reasonable child support as of the date of Jordan's birth. Between April 5 and April 14, 1999, appellant received, at his employer's address, service by certified mail, a copy of the complaint and summons. Appellant filed no answer.
On May 24, 1999, the clerk of the court of common pleas mailed to appellant, at his employer's address, notice of a default judgment hearing scheduled for July 6, 1999. Appellant personally appeared at the July 6, 1999 hearing, at which time, the magistrate entered an order that the parties submit to DNA testing and that the default judgment hearing be continued to September 21, 1999. Appellant signed the order of the magistrate and, on the same day, notice of the rescheduled default hearing for September 21, 1999 was mailed to appellant at his employer's address. Appellant submitted to DNA testing, which revealed a 99.98 percent probability that appellant is the natural father of Jordan.
By decision filed October 18, 1999, the magistrate entered default judgment for appellee, finding that appellant was the natural father of the minor child and ordering child support in the amount of $476.52 per month. Significantly, the magistrate's decision states that the rescheduled default hearing was held on September 17, 1999, that appellant had failed to answer or appear and, as such, the matter was subject to default judgment. By judgment entry dated October 18, 1999, the trial court adopted the magistrate's decision.
On November 5, 1999, appellant appealed. In his appellate brief, appellant does not specifically set forth an assignment of error as required by App.R. 16(A)(3). However, in the text of appellant's brief, appellant alleges that he did not receive proper notification to appear in court due to a mailing error, that the trial court should have considered other child support orders against appellant from Montgomery county in setting child support in this case, and that the trial court should have set child visitation and tax deduction rights between the parties.
Appellee contends that appellant's argument that he did not receive proper notice of the final hearing due to a mailing error is belied by the record since appellant was present at the July 6, 1999 hearing when the final hearing was rescheduled and since appellant signed the magistrate's order rescheduling the final hearing. Thus, appellee contends, any failure of the trial court to consider other child support orders, child visitation, or tax deduction rights was caused by appellant's failure to attend the final hearing.
We agree that the record indicates that appellant received notice of the rescheduled default judgment hearing. Unfortunately, appellant received notice that the hearing was rescheduled for September 21, 1999, while the record indicates that the hearing actually occurred on September 17, 1999. Nothing in the record indicates why the hearing was held on September 17, 1999, and nothing in the record indicates that appellant received notice of a change of the hearing date.[1]
A party who has appeared in an action is entitled to notice of the default hearing at least seven days prior to such hearing. Civ.R. 55(A); see 1970 Staff Notes to Civ.R. 55 ("If, however, under Rule 55(A), defendant, although he had not answered, had `otherwise' defended or `appeared,' plaintiff would be required to send defendant notice of the default hearing"). Failure to provide the required notice under Civ.R. 55(A) deprives the court of its authority to enter default judgment and constitutes plain error. See AMCA Internatl. Corp. v. Carlton
(1984), 10 Ohio St.3d 88; Amiri v. Thropp (1992), 80 Ohio App.3d 44.
Here, appellant clearly "appeared" in the action by being present at the initially scheduled default hearing on July 6, 1999. As such, he was entitled to notice of the September 17, 1999 hearing at least seven days before the hearing. Given that the record contains no such notice, we must reverse the trial court's entry of default judgment and remand for further proceedings consistent herewith.
 __________________ LAZARUS, J.
TYACK and PETREE, JJ., concur.
[1] While it is certainly possible that the magistrate's decision indicating that the hearing was held on September 17, 1999 instead of September 21, 1999 was a typographical error, absent evidence to the contrary, we must presume that the magistrate's decision accurately reflects the date of the hearing. See App.R. 9(E) (describing method by which record on appeal may be corrected or modified to accurately reflect what happened in the trial court).