JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Mark Stuber (Stuber), appeals the decision of the Cuyahoga County Common Pleas Court granting summary judgment to defendants-appellees, Oakwood Title Agency, Inc., Michael Parker, Jr. and M L Financial Services. For the reasons that follow, we affirm in part, vacate in part and remand.
A review of the record reveals that Stuber sought to refinance the mortgage loan on a home he owned in Garfield Heights. Towards that end, he executed an open-end mortgage with National Lending Center, Inc. on November 6, 1997 and Oakwood Title Agency (Oakwood Title), acting as escrow agent, disbursed excess funds to Stuber in the amount of $2,744.21 shortly thereafter.
While filing the mortgage at the county recorder's office, Oakwood Title learned that the subject property had been sold by sheriff's sale on October 30, 1997. Because the check issued to Stuber had already been negotiated, Oakwood Title sought reimbursement from him. When he refused, Oakwood Title filed suit in Garfield Heights Municipal Court on February 3, 1998 alleging that Stuber misrepresented his ownership of the property in an effort to obtain the funds necessary to refinance the property and that, as a result, Stuber had been unjustly enriched in the amount of $2,744.21. On February 22, 1999, the municipal court journalized a stipulated judgment in favor of Oakwood Title and against Stuber in the amount of $2,744.21, plus interest.
Prior to this judgment, on December 9, 1998, Stuber filed a complaint in the Cuyahoga County Common Pleas Court against Michael Parker (Parker), M L Financial Services (M L Financial)[1] and Oakwood Title, alleging that both Parker and M L Financial breached their respective contracts with him and that Oakwood Title engaged in frivolous conduct in bringing the action in Garfield Heights Municipal Court. Oakwood Title moved for summary judgment as did Parker and M L Financial. While Stuber opposed Oakwood Title's motion, the record does not reflect any opposition to the motion filed by Parker and M L Financial. The trial court granted both motions without opinion.
Stuber is now before this court and assigns three errors for our review. His first two assignments of error are related and challenge the trial court's grant of summary judgment in favor of Oakwood Title. In particular, Stuber contends that res judicata is inapplicable so as to bar his action against Oakwood Title. Consequently, he argues that there exist genuine issues of material fact that preclude judgment in Oakwood Title's favor as a matter of law.
In reviewing a motion for summary judgment, an appellate court conducts a de novo review of the trial court's decision. "A court reviewing the granting of a summary judgment must follow the standards set forth in Civ.R. 56(C) * * *." Aglinsky v. Cleveland Builders Supply Co. (1990),68 Ohio App.3d 810, 814. Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that: "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
In its motion for summary judgment, Oakwood Title contends that Stuber's claims for breach of contract and for frivolous conduct should have been brought as compulsory counterclaims in the municipal court action instituted by Oakwood Title. Because Stuber failed to do so, Oakwood Title argues that the instant action is barred by the doctrine of res judicata. Stuber, on the other hand, maintains that these claims could not be considered compulsory counterclaims because their resolution required the presence of Parker and M L Financial, who are not within the jurisdiction of the Garfield Heights Municipal Court.
Civ.R. 13(A) governs compulsory counterclaims and provides, in relevant part:
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. * * *
Thus, this rule requires that all existing claims between opposing parties that arise out of the same transaction or occurrence be litigated in a single lawsuit. In determining whether a counterclaim is compulsory under this rule, a two-pronged test is employed. If the claim exists at the time the pleading was served and the claim arises out of the transaction or occurrence that is the subject matter of the opposing claim, then the counterclaim is compulsory and must be brought in the earlier action or otherwise be precluded under the doctrine of res judicata. Rettig Enterprises, Inc. v. Koehler (1994), 68 Ohio St.3d 274,277 citing Geauga Truck Implement Co. v. Juskiewicz (1984),9 Ohio St.3d 12, 14. A counterclaim is compulsory if it is logically related to the opposing party's claim so much so that a separate trial on such a claim would involve a substantial duplication of effort and time by the parties and the courts. Thus, if the multiple claims have a common basis in fact and law or if the same basic controversy is involved between the parties, then the claims are logically related and must be brought in one lawsuit in order to avoid a multiplicity of actions.
In this case, both prongs of the logical relation test are satisfied. Stuber's claim that Oakwood Title breached its contract with him existed at the time Oakwood Title filed its action in the municipal court. Certainly Stuber's claim that the municipal court action was frivolous likewise was in existence. Moreover, both claims against Oakwood Title arise out of events surrounding Stuber's attempt to refinance his mortgage loan. Thus, Stuber's claims against Oakwood Title are logically related and, therefore, compulsory counterclaims.
Stuber argues in opposition that the claims against Oakwood Title could not be considered compulsory in that his complaint included a claim for breach of contract against Parker and M L Financial. He maintains that Parker, M L Financial and Oakwood Title worked together in causing him damage and, as such, Parker and M L Financial are third parties necessary for the adjudication of any claim Stuber has against Oakwood Title. He, therefore, argues that these claims could not be considered compulsory counterclaims under Civ.R. 13(A) because the Garfield Heights Municipal Court could not acquire territorial jurisdiction over Parker and M L Financial nor did the municipal court have monetary jurisdiction over the parties.
Stuber fails to demonstrate to this court, however, how it is that the presence of Parker and M L Financial is required to adjudicate his claims against Oakwood Title. Stuber's complaint contained claims for breach of contract and frivolous conduct against Oakwood Title. It also contained a breach of contract claim against Parker and M L Financial. The breach of contract claims alleged that Parker, M L Financial and Oakwood Title each breached their respective contracts with Stuber because they failed to refinance or assist in finding a refinancing source for the property previously owned by Stuber.
These allegations alone, however, are insufficient to demonstrate to this court that Parker and M L Financial are necessary for the resolution of Stuber's claims against Oakwood Title. Certainly, Stuber could have brought his breach of contract and frivolous conduct claims against Oakwood Title as a counterclaim in the action filed by Oakwood Title in municipal court. Had Stuber brought any counterclaims against Oakwood Title in the municipal court action that exceeded the monetary jurisdiction of the court, the proper procedure would have been to move to certify the case according to Civ.R. 13(J). See Behrle v. Beam (1983), 6 Ohio St.3d 41. "If a party has a compulsory counterclaim and its amount is over the monetary jurisdiction of the municipal court, it still must be pleaded in the responsive pleading." Id. at 45. Stuber's failure to do so bars further litigation on these claims as against Oakwood Title. Summary judgment, therefore, was properly granted to Oakwood Title.
Consequently, Stuber's first and second assignments of error are not well taken and are overruled.
In his third assignment of error, Stuber contends that the trial court erred in granting summary judgment to Parker and M L Financial where Stuber never received a copy of their motion and therefore did not have an opportunity to oppose the motion.
Civ.R. 5(A) provides that every written motion shall be served upon each party. Civ.R. 5(D) thereafter governs the service and filing of such motions and provides, in relevant part:
 * * * Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and manner of service and shall be signed in accordance with Civ.R. 11. (Emphasis added.)
Ordinarily, where the record reflects that the rules pertaining to service have been followed, there is a presumption of proper service. Potter v. Troy (1992), 78 Ohio App.3d 372, 377. Conversely, a party who fails to comply with these rules has denied the opposing party an opportunity to respond and, accordingly, denied that party due process. Holmes v. Community College of Cuyahoga Cty. (1994), 97 Ohio App.3d 678,686; see, also, Amiri v. Thropp (1992), 80 Ohio App.3d 44, 50. It is reversible error for a trial court to consider a motion until it can be shown that the motion was served as evidenced by a properly endorsed proof of service. Id., see, also, T Group Communications v. Cuyahoga Community College (Jan. 30, 1997), Cuyahoga App. No. 70700, unreported at 3-4. The same is true if the proof of service fails to state the date on which the motion was served. See Liberty Sav. Bank FSB v. Biscello (Jan. 13, 2000), Franklin App. No. 98AP-1398, unreported at 6.
In this case, the certificate of service contains no date of service,[2] drawing us to conclude that the motion for summary judgment filed by Parker and M L Financial was not served upon Stuber. It was error, therefore, for the trial court to consider these defendants' motion for summary judgment because it lacked a conforming certificate of service.
Consequently, Stuber's third assignment of error is well taken and is sustained.
Judgment affirmed in part, vacated in part and remanded for proceedings consistent with this opinion.
 10
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court direct ing the Court of Common Pleas to carry this judgment into execution.
MICHAEL J. CORRIGAN, J.
JAMES M. PORTER, J., CONCUR.
 ___________________________________ JOHN T. PATTON, PRESIDING JUDGE
[1] Parker and M L Financial allegedly assisted Stuber in locating a lender for the refinance.
[2] The certificate of service states that the motion was served by ordinary United States Mail, postage prepaid, on this _____ day of October, 1999 * * *.