DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Lawrence County Municipal Court which held that Defendant-Appellee Jerry Bell was not liable for the damages resulting from a motor-vehicle accident with Plaintiff-Appellant Charlotte R. Queen, who is insured by Plaintiff-Appellant Erie Insurance Co.
 {¶ 2} Appellants argue, inter alia, that the lower court erroneously considered Bell's answer because it did not comply with Civ.R. 5(A). We agree and reverse the judgment of the trial court.
 I. The Proceedings Below {¶ 3} In 1997, Defendant-Appellee Jerry Bell and Plaintiff-Appellant Charlotte R. Queen were involved in a motor-vehicle collision on State Route 777 in Lawrence County, Ohio. The accident occurred when Bell attempted to pass Queen in a no-pass zone while she was turning left into a private driveway to deliver mail while on her United States Postal Service route.
 {¶ 4} In 1999, precisely two years after the accident, Plaintiff-Appellant Erie Insurance Co. (Erie), who insured Queen, filed a subrogation complaint in the Lawrence County Municipal Court alleging that Bell negligently operated his motor vehicle and was liable for the damages caused to Queen.
 {¶ 5} In May 2000, Erie voluntarily dismissed this complaint.
 {¶ 6} In September 2000, Erie re-filed its complaint, making the same claims it made in its first complaint.
 {¶ 7} Shortly thereafter, Bell filed in the trial court what the trial court construed to be an answer. This document did not contain a certificate of service.
 {¶ 8} Subsequently, appellants filed a motion for default judgment in which they argued that Bell's answer did not comport with Civ.R. 5(A). The trial court denied this motion.
 {¶ 9} In February 2001, the case was tried before the trial court without a jury. At the trial, various witnesses testified on behalf of Erie and Queen. Only Bell testified on his behalf.
 {¶ 10} In March 2001, the trial court issued its decision and judgment entry, finding in favor of Bell.
 II. The Appeal {¶ 11} Subsequently, Erie and Queen timely filed an appeal with this Court, assigning nine errors for our review.
 {¶ 12} First Assignment of Error: "The trial court erred as a matter of law in applying a lower standard to defendant/appellee during the course of the proceedings than it would have required from counsel."
 {¶ 13} Second Assignment of Error: "The trial court erred by accepting defendant/appellee's answer as it did not comply with Civ.R. 5(a) and Civ.R. 8(b)."
 {¶ 14} Third Assignment of Error: "The trial court erred by denying plaintiffs/appellants' motion for a default judgment."
 {¶ 15} Fourth Assignment of Error: "The trial court abused its discretion by not granting plaintiffs/appellants' motion for leave to file a motion for summary judgment."
 {¶ 16} Fifth Assignment of Error: "The trial court's finding that plaintiff/appellant, Charlotte Queen, made an improper [left-hand] turn was against the manifest weight of the evidence."
 {¶ 17} Sixth Assignment of Error: "The trial court erred as a matter of law in placing the burden of disproving comparitive [sic] fault on plaintiffs/appellants, when instead, the burden of proving this affirmative defense fell upon defendant/appellee."
 {¶ 18} Seventh Assignment of Error: "The trial court erred by finding that plaintiffs/appellants [sic] cause of action was barred by comparative fault when defendant/appellee never pled comparative fault nor offered any evidence in support of this affirmative defense."
 {¶ 19} Eighth Assignment of Error: "The trial court erred in finding that plaintiffs/appellants' cause of action was barred by the statute of limitations when this affirmative defense was never pled and no evidence was offered in support of it."
 {¶ 20} Ninth Assignment of Error[2]: "The trial court erred in finding that plaintiffs/appellants' cause of action was barred by the statute of limitations when the Ohio savings statute saved plaintiffs/appellants' [re-filed] complaint."
 {¶ 21} The threshold issue we must resolve is whether, "Because [Bell's] Answer did not comply with Civ.R. 5(A)[,] * * * the [trial court] erred by considering it." This argument is set forth in appellants' Second and Third Assignments of Error in the context of their argument that the trial court erroneously overruled their motion for default judgment.
 {¶ 22} Civ.R. 5(A) requires that "every pleading subsequent to the original complaint * * * shall be served upon each of the parties."
 {¶ 23} Civ.R. 5(D) goes on to state that "Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed."
 {¶ 24} Here, Bell's answer does not contain a certificate of service. In fact, there is no indication on the document that service was attempted. Further, the record reveals that proof of service was not separately filed.
 {¶ 25} Thus, because no certificate of service was ever filed with the trial court, it could not have properly considered Bell's answer, "[i]t [could] not conduct a trial on the merits, nor [could] it rule on motions for summary judgment." Enyart v. Columbus Metro. Area CommunityAction Org. (Sept. 6, 1994), Franklin App. No. 93APE12-1658; see Civ.R. 5(D).
 {¶ 26} "The primary purpose of the service requirements of [Civ.R. 5(A)] is to notify the plaintiff of the defenses raised by the defendant so that the plaintiff can make an appropriate response. * * *. Thus, if the defendant files her answer but that pleading does not contain an endorsement of proof of service, the court will not consider the paper filed. * * *. Here, [the defendant's] answer contains no endorsement of proof of service. * * *. For this reason, the trial court did not abuse its discretion in striking [the defendant's] answer." (Citations omitted.) Amiri v. Thropp (1992), 80 Ohio App.3d 44, 50,608 N.E.2d 824, 828; see, generally, Staff Note to Civ.R. 5(D); cf. Merosv. Rorapaugh (Nov. 22, 2000), Cuyahoga App. No. 77611 (holding that Civ.R. 5(D) precludes the trial court from considering papers without proof of service, not ones where service was merely not perfected).
 {¶ 27} We are mindful that Bell is a pro se litigant. We are cognizant of the long-standing preference in Ohio courts to afford reasonable leeway to pro se parties. See, generally, State ex rel.Simpson v. Hamilton County Court of Common Pleas (May 17, 1995), Hamilton App. No. C-940505.
 {¶ 28} Nevertheless, pro se litigants are "presumed to have knowledge of the law and of correct legal procedure and [are to be] held to the same standard as all other litigants." Kilroy v. B.H. LakeshoreCo. (1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171, 174; see, generally, State v. Wayt (Mar. 20, 1991), Tuscarawas App. No. 90AP070045 ("While insuring that pro se [litigants] are afforded the same protections and rights prescribed in the * * * rules, we likewise hold them to the obligations contained therein.").
 {¶ 29} Accordingly, we find that the trial court erred in proceeding to trial with this case.
 {¶ 30} Thus, we sustain appellants' Second and Third Assignments of Error. Consequently, we find the remaining assignments of error to be moot because the trial court erred by permitting the case to proceed forward. See James A. Keller, Inc. v. Flaherty (1991), 74 Ohio App.3d 788,791, 600 N.E.2d 736, 738, citing South Pacific Terminal Co. v. InterstateCommerce Comm. (1910), 219 U.S. 498, 514, 31 S.Ct. 279, 283 ("It is not the duty of a court to decide purely academic or abstract questions.").
 III. Conclusion {¶ 31} For the foregoing reasons, we REVERSE the judgment of the Lawrence County Municipal Court. The cause is remanded for further proceedings not inconsistent with this opinion.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause be remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
This Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY MUNICIPAL COURT to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only with Opinion.
Kline, J.: Dissents.
[2] We note that appellants numbered this assignment of error as number ten, when a number nine does not appear in their brief. Accordingly, we will refer to this as the Ninth Assignment of Error.