**HARTMANN, Appellant,**

v.

**OHIO CRIME VICTIMS REPARATIONS FUND, Appellee.**

[Cite as *Hartmann v. Ohio Crime Victims Reparations Fund* (2000), 138 Ohio App.3d 235.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 99AP–1034 and 99AP–1041.

Decided June 1, 2000.

*Brett X. Hartmann, pro se.*

*Betty D. Montgomery,* Attorney General, and *Marcia J. Macon–Bruce,* Assistant Attorney General, for appellee.

DESHLER, Judge.

Defendant-appellant, Brett X. Hartmann, appeals from a judgment of the Franklin County Court of Common Pleas granting default judgment to plaintiff-appellee, Ohio Crime Victims Reparations Fund.

Appellant is an inmate at Mansfield Correctional Institution, incarcerated pursuant to his conviction for the kidnapping and murder of Winda D. Snipes. The father of the victim, Winfred B. Snipes, filed a reparations application with the Ohio Court of Claims pursuant to R.C. 2743.51 *et seq.,* seeking crime-victim reimbursement for economic losses incurred as the result of the murder. A commissioner of the Court of Claims of Ohio granted a reparations award in the amount of $2,500. Seeking to recoup this sum from appellant, on May 6, 1999,

the reparations fund filed the present action against appellant, exercising its subrogation rights pursuant to R.C. 2743.72(A). Service of the complaint was perfected on May 11, 1999, and appellant's answer, pursuant to Civ.R. 12(A), was therefore due on June 8, 1999. On July 19, 1999, the trial court rendered a "decision and entry on initial status conference," noting that no answer had been filed by appellant and giving appellee five days to submit a motion and entry for default judgment.

Appellant, upon being served with the court's entry indicating that default judgment was imminent, filed his answer to the initial complaint on July 26, 1999, along with a Civ.R. 60(B)(1) and (5) motion for relief from judgment. The motion for relief from judgment indicated that appellant had previously filed an answer to the complaint on June 2, 1999, via institutional mail, and that appellant could not explain the court's non-receipt of his answer other than failure of the institutional mail or United States Postal Service. Appellant's motion for relief from judgment also pointed out that he had filed several prior motions currently pending in the case, which would indicate his diligence in defending the matter and corroborate his position that he was unaware that his timely filed answer had not been received.

On July 22, 1999, appellee moved for default judgment based upon the outcome of the status conference. The motion asserted that no hearing was required prior to granting default judgment, because appellant had not entered an appearance in the case. On August 12, 1999, the court entered its judgment granting default judgment to the reparations fund. The court's entry states:

"Defendant has not answered, filed a responsive pleading, or otherwise appeared in this case."

Initially, we note that appellant has filed two separate notices of appeal from the trial court's judgment, giving rise to the two separate case numbers upon appeal. Both have been *sua sponte* consolidated by this court. Since the two appeals are from the same judgment and raise the same issues, we now dismiss as duplicative appellant's later-filed appeal, 99AP–1041, and will address the matter under the remaining appellate case number of 99AP–1034.

Appellant brings the following assignment of error:

"The trial court violated defendant–appellant's constitutional rights by granting default judgment for failure to appear when in fact defendant–appellant did file a response to the complaint."

The gist of appellant's assignment of error is that the trial court improperly granted default judgment for appellee, and further erred in failing to grant appellant's motion for relief from judgment. "A default judgment is a judgment entered against a defendant who has failed to timely plead in response

to an affirmative pleading." *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.* (1986), 28 Ohio St.3d 118, 121, 28 OBR 216, 219, 502 N.E.2d 599, 602. Due process of law pursuant to the Fourteenth Amendment of the United States Constitution and Section 16, Article I of the Ohio Constitution requires that every party to an action be afforded a reasonable opportunity to be heard after reasonable notice of such a hearing. *Zashin, Rich, Sutula & Monastra Co., LPA v. Offenberg* (1993), 90 Ohio App.3d 436, 443, 629 N.E.2d 1057, 1061–1062; *Ohio Valley Radiology Assoc., Inc., supra,* at 121, 28 OBR at 218–219, 502 N.E.2d at 601–602. The Civil Rules do provide for instances involving default judgment where notice of a hearing need not be given because of a party's failure to comply with the rules. Civ.R. 55(A), governing default judgment, states:

"\* \* \* If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

█ If the defendant has not made an appearance, he is not entitled to seven days' notice before default judgment may be entered. *Alliance Group, Inc. v. Rosenfield* (1996), 115 Ohio App.3d 380, 389, 685 N.E.2d 570, 576–577.

█ If a party or his representative has appeared as a matter of record in any manner, the notice and hearing required by Civ.R. 55(A) must be given that party before default judgment can be properly granted. *In re Forfeiture of $1952.00 U.S. Currency (James Bell),* (Nov. 16, 1993), Franklin App. No. 93AP–957, unreported, 1993 WL 478064. Even where a defendant's filings are subsequent to a plaintiff's motion for default, the defendant is deemed to have made an appearance and is entitled to the notice and hearing required under Civ.R. 55(A). *Lexis–Nexis, Div. of Reed Elsevier, Inc. v. Robert Binns Assoc., Inc.* (Dec. 1, 1998), Franklin App. No. 98AP–228, unreported, 1999 WL 41064. Without the requisite notice and hearing under Civ.R. 55(A), a default judgment is void and shall be vacated upon appeal. *In re Forfeiture of $1952.00 U.S. Currency, supra; Lexis–Nexis, supra; Watkins v. S.A.R. Const. Co.* (Nov. 30, 1999), Franklin App. No. 99AP–177, unreported, 1999 WL 1072451.

█ In the present case, the record substantiates that appellant filed three motions prior to appellee's application for default judgment. On July 8, 1999, appellant filed a motion seeking that the court order his appearance in person or by telephone at a pretrial hearing. On July 12, 1999, appellant filed a "motion seeking funding for the court for DNA testing and expert witnesses." Also, on July 12, 1999, appellant filed a motion for appointment of counsel. The trial court had not ruled on any of the three motions at the time default judgment was granted.

Furthermore, appellant entered an appearance after the application for default judgment as well, by filing his (arguably premature) Civ.R. 60(B) motion for relief from judgment, and his (purportedly) refiled answer to replace the copy which was never received by the court.

Pursuant to the above-outlined case law on default judgment, it is clear that appellant had sufficiently appeared in the case to be guaranteed both notice of the default judgment (which he received) and a hearing (which he did not). Both appellee's application for default judgment and the court's subsequent entry make clear that the court was operating under the impression that appellant had not appeared and was not entitled to a hearing. Given the state of the record before us, this constituted error on the part of the trial court; appellant's assignment of error accordingly has merit and is sustained. We are compelled to add that our present decision in no way passes upon the merits of either appellant's pending motions nor the merits of the defenses raised in his answer.

Appellant's further arguments relating to his Civ.R. 60(B) motion are rendered moot. Appellant's assignment of error is sustained and the matter is remanded to the trial court for further proceedings in accordance with law and this opinion.

*Judgment reversed*
*and cause remanded.*

BOWMAN, P.J., and BROWN, J., concur.