JOURNAL ENTRY AND OPINION.
{¶ 1} Defendants-appellants Richard Cook and Christina Cook ("the Cooks") appeal the trial court's entry of default judgment in favor of appellee Mattress Distributors, Inc. ("Mattress Distributors"). We find merit to the appeal and reverse and remand for further proceedings.
 {¶ 2} On March 15, 2002, Mattress Distributors filed a complaint against the Cooks for declaratory judgment, defamation, breach of contract, and unjust enrichment. On April 17, 2002, the Cooks, with Mattress Distributors' consent, filed a stipulation for leave to plead for a period of 30 days. The trial court granted this stipulation by journal entry dated April 26, 2002. In lieu of filing an answer, the Cooks filed a pro se motion to dismiss on May 15, 2002. After being granted leave to respond, Mattress Distributors filed a brief in opposition to the Cooks' motion to dismiss on June 17, 2002.
 {¶ 3} On June 6, 2002, the court conducted a case management conference. Mattress Distributors appeared, represented by counsel. Richard Cook appeared pro se on behalf of himself and his wife, Christina Cook. The court set a pretrial schedule which included a settlement conference on August 31, 2002. At the conclusion of the case management conference, the court issued an order stating, in pertinent part, that "* * * counsel clients and adjustors, if any, are hereby ordered to appear in person with full settlement authority at the settlement conference, in the absence of prior court approval to the contrary, will result in sanctions, including dismissal and or judgment." In another journal entry, the court stated: "Pro se litigants are further ordered to appear in court at the time ordered by the court."
 {¶ 4} On June 28, 2002, the trial court denied the Cooks' motion to dismiss. Pursuant to Civ.R. 12(A)(2), the Cooks then had fourteen days from the date of notice of the trial court's denial of their motion to file an answer to the complaint. The Cooks did not file a timely answer to the complaint, nor did they request an extension of time to do so. However, on August 16, 2002, Attorney William Love entered an appearance on their behalf. Three days later, on August 19, 2002, Mattress Distributors filed a motion for default judgment.
 {¶ 5} On August 21, 2002, five days after filing a notice of appearance, the Cooks' lawyer filed a motion for leave to file a delayed answer and counterclaim. On August 23, 2002, the trial court denied the Cooks' motion for leave to file a delayed answer and counterclaim, stating in its journal entry that the motion was moot because the court had already granted Mattress Distributors' oral motion for default judgment. In its journal entry dated August 23, 2002, the court stated, in pertinent part:
 {¶ 6} "Pls' oral motion for default judgment is granted. Default judgment awarded in favor of Pl and against Defendants R. Cook and C. Cook on Pls' complaint. Defs failed to timely file an answer as provided by the Ohio Rules of Civil Procedure after this court denied defs' motion to dismiss. Def C. Cook failed to appear at the initial PT/CMC. The court did provide defendant C. Cook all of its orders. Defendant C. Cook also failed to appear for the court ordered SC. Judgment is rendered as follows * * *"
 {¶ 7} On the same day, the court issued another journal entry wherein the court denied Mattress Distributors' written motion for default "as moot" because the court had already "awarded default judgment at the S.C. upon Pl's oral motion for default judgment." The Cooks filed a timely notice of appeal. In their sole assignment of error, they argue the trial court erred in granting a default judgment without holding a hearing and without giving the Cooks, who had previously appeared, at least seven days' notice of the default hearing.
 {¶ 8} "A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading." Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 121. Due process of law pursuant to theFourteenth Amendment of the United States Constitution and Section 16, Article I of the Ohio Constitution requires that every party to an action be afforded a reasonable opportunity to be heard after reasonable notice of such a hearing. Zashin, Rich, Sutula Monastra Co., LPA v.Offenberg (1993), 90 Ohio App.3d 436, 443; Ohio Valley Hosp. RadiologyAssn., Inc., supra, at 121. The civil rules provide for instances involving default judgment when notice of a hearing need not be given because of a party's failure to comply with the rules. Civ.R. 55(A), which governs default judgments, states in pertinent part:
 {¶ 9} "* * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."
 {¶ 10} If the defendant has not made an appearance, he or she is not entitled to seven days notice before default judgment may be entered. Civ.R. 55(A); Alliance Group, Inc. v. Rosenfield (1996),115 Ohio App.3d 380, 389, 685 N.E.2d 570. If a party or his or her representative has appeared as a matter of record in any manner, the notice and hearing required by Civ.R. 55(A) must be given that party before default judgment may be granted. Civ.R. 55(A); Hartmann v. CrimeVictims Reparations Fund (2000), 138 Ohio App.3d 235, 238. Even where a defendant's filings are subsequent to a plaintiff's motion for default, the defendant is deemed to have made an appearance and is entitled to the notice and hearing required under Civ.R. 55(A); Id. Without the requisite notice and hearing under Civ.R. 55(A), a default judgment is void and shall be vacated upon appeal. Id; See, also, AMCA International Corp. v.Carlton (1984), 10 Ohio St.3d 88, 91.
 {¶ 11} In the present case, the Cooks' attorney filed a notice of appearance before Mattress Distributors filed its motion for default. He also filed a motion for leave to file an answer. Although Richard Cook, who is not an attorney, could not represent Christina Cook, he also appeared in person before the trial court to defend the action. Therefore, we find that because the Cooks entered an appearance, they were entitled to seven days notice and a hearing before the court could enter a default judgment against them. The trial court granted the default judgment four days after the written motion for default was filed and without a hearing — a clear violation of the provisions of Civ.R. 55(A).
 {¶ 12} Accordingly, the Cooks' sole assignment of error is sustained. The judgment of the trial court is hereby reversed and the cause is remanded to the trial court for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J. concurs; FRANK D. CELEBREZZE, JR., P.J. concursin judgment only.