OPINION and JOURNAL ENTRY
{¶ 1} This matter came on for hearing on March 5, 2003 on Relator Nick Hrelec's motion for default judgment. Present were Relator, Respondents the City of Campbell, the City of Campbell Civil Service Commission and Respondent Greg Rosile. Rosile is the only Respondent who filed an answer in this matter. The record further discloses that on February 28, 2003 Rosile filed a cross-claim against the City of Campbell seeking a writ of mandamus to compel the City of Campbell to promote him to the position of Captain in the Fire Department effective September 5, 1997. Rosile's claim is separate and apart from the instant complaint in mandamus and prohibition, wherein Relator Nick Hrelec is seeking an order from this Court to prohibit the City of Campbell and its Civil Service Commission from accepting the promotional exam test results of Eugene Skelley and Greg Rosile for the position of fire chief in the City of Campbell fire department. As prayed for in the complaint Relator asserts that only himself and Respondent David Horvath are eligible to have their promotional exams scored for the position of fire chief, which had been adjudicated vacant as of July 28, 1997. (See State ex rel. Hrelec v. Cityof Campbell [Sept. 24, 2001], Mahoning App. No. 99CA207).
 {¶ 2} Based upon the pleadings, stipulation of the parties, prior decisions issued in the trial court and this Court and the evidence presented, it is clear that the position of permanent fire chief of the City of Campbell has been vacant since July 28, 1997 and that a certified civil service eligibility list did not exist as of that date. Consistent with applicable sections of the Ohio Revised Code governing civil service positions, Relator Hrelec and Respondent Horvath were eligible to sit for the civil service examination for position of fire chief as of the date of vacancy.
 {¶ 3} As Eugene Skelley failed to answer or otherwise plead in this matter default judgment against him is proper under Civ.R. 55 and it is so ordered. Moreover, as a hearing on the motion for default has been held against the non-answering City of Campbell and Campbell Civil Service Commission, as required by Civ.R. 55(D), we find that default against those entities is warranted and granted as prayed for in the complaint.
 {¶ 4} Rosile is not subject to default as he has filed an answer.Hartmann v. Ohio Crime Victims Reparations Fund (2000),138 Ohio App.3d 235; Hrina v. Segall (June 6, 2001), 7th Dist. No. 00CA87. While Rosile neither admitted or denied for want of information or belief most averments in the complaint, he did admit to his being allowed to take the promotional exam for fire chief pursuant to a court order granting him injunctive relief in a complaint he filed. (Case No. 01CV3164, order issued 11-27-01).
 {¶ 5} Based on the prior litigation filed by certain parties named in this proceeding and the adjudicated fact that the fire chief's position became vacant on July 28, 1997, along with the pleadings filed herein, under the analysis which follows, we hold that Rosile is statutorily disqualified from consideration of the position of fire chief and his test for that position is to be destroyed.
 {¶ 6} This complaint was filed on December 11, 2001. Rosile was served on December 13, 2001. On January 7, 2002 an entry from Common Pleas Court filed in Common Pleas Case No. 97CV936, captioned State exrel. Hrelec v. City of Campbell was filed in this matter. It granted a stay request of Relator herein relative to Rosile's entitlement to take the test for position of fire chief, notwithstanding the order in 01CV3164 allowing him to sit for the exam. The court stated that Rosile would not have served a sufficient length of time to be eligible for the fire chief position. As stated in R.C. 124.45 "When a vacancy occurs in a promoted rank, other than the promoted rank immediately above the rank of regular fireman, no person shall be eligible to take the examination unless he has served twelve months in the rank from which the promotion is to be made * * *." It is uncontroverted that Rosile has not served in the captain's position for twelve months, however, he has filed litigation asserting that the City of Campbell was legally obligated to appoint him to the position, as well as a cross-claim in this case seeking the same relief due to the retirement of one captain. Rosile's eligibility for appointment to captain is the subject matter of a separate lawsuit and will not be decided in this original action.
 {¶ 7} The cross-claim filed by Rosile seeks appointment to the position of captain. The subject matter of this action is to determine eligibility for appointment to the vacant position of fire chief, not a captain in the department. Rosile has not filed a responsive pleading to the motion for default judgment, nor has he specifically asserted eligibility for consideration to the position of fire chief. At best, it appears that he is claiming alternatively that he should be appointed to the position of captain, as he received the highest score on a promotional examination for a newly created fourth captain's position that was created by Ordinance 96-9019. In fact, Rosile filed a complaint in quo warranto in the Ohio Supreme Court seeking to oust Skelley from the fourth captain's position and adjudge Rosile entitled to the position by virtue of his having attained the highest score. The complaint was dismissed on motion of Skelley on December 10, 1997. (Case No. 97-2030). Rosile currently has a separate lawsuit wherein he claims entitlement to the position of captain due to the retirement of one of the captains. (Common Pleas Case No. 01CV3164, captioned Rosile v. City of Campbell). Accordingly, Rosile's cross-claim is hereby dismissed.
 {¶ 8} Finally, in the underlying lawsuit (Common Pleas Case No. 97CV936), which gave rise to this Court's opinion determining the date of vacancy of the fire chief position, on October 29, 1997, the Common Pleas Court noted that the certified captains in the Campbell City Fire Department were Nick Hrelec, James Litwin and Richard Chuey. (Horvath had been acting fire chief). A newly created fourth captain's position was given to Eugene Skelley in September, 1997 and such appointment was unsuccessfully challenged in Rosile's later quo warranto action. On this state of the record and for purposes of this proceeding we conclude that Rosile cannot demonstrate entitlement to be considered for the position of fire chief for the reason that he has not attained the rank of captain and would not have served a sufficient length of time to be eligible to take the chief's position. (R.C. 124.45). Therefore, at best, Rosile may argue entitlement to a captain's position (which fourth position was apparently abolished through attrition upon Litwin's retirement), but under no set of facts may he argue a claim to the position of fire chief, as it has been concluded that the vacancy occurred on July 28, 1997, before the time there was contention over the position of the fourth captain's position.
 {¶ 9} Therefore, based on the above analysis and in consideration of the numerous lawsuits filed by the litigants in this matter, it is ordered that that Relator Nick Hrelec is granted default judgment against Eugene Skelley, the City of Campbell, and the City of Campbell Civil Service Commission.
 {¶ 10} It is further ordered that Relator Nick Hrelec is granted judgment on the pleadings against Respondent Greg Rosile, who would be statutorily barred from consideration for the position of fire chief, as noted by the Common Pleas Court in Case No. 97CV936.
 {¶ 11} A writ of mandamus is hereby issued directing the City of Campbell and the City of Campbell Civil Service Commission to grade only the fire chief promotional tests of Relator Nick Hrelec and Respondent David Horvath and to certify their names on the eligibility list for the position of permanent fire chief of the City of Campbell fire department in accordance with the Ohio Revised Code.
 {¶ 12} Each party to bear their costs. This order concludes this proceeding and is final and appealable.
 {¶ 13} Clerk to serve notice of this order on all parties or counsel pursuant to the civil rules.
Donofrio, J., Vukovich, J., and DeGenaro, J., concur.