OPINION
{¶ 1} Defendant-appellant, Ronald Heft, appeals from a judgment of the Franklin County Court of Common Pleas granting default judgment to plaintiff-appellee, State of Ohio; Crime Victims Reparations Fund. Because the trial court did not hold a hearing on appellee's motion for default judgment after appellant appeared in this matter, we reverse that judgment and remand the matter to the trial court.
 {¶ 2} Appellee initiated the present lawsuit by complaint filed June 28, 2002. In that complaint, appellee averred that appellant shot Beverly Presley. Appellant was convicted of attempted murder and is currently incarcerated in the Ross Correctional Institute. Subsequently, pursuant to R.C. 2743.51 et seq., Presley filed applications with the Ohio Attorney General's Office seeking crime victim reparations for economic losses incurred due to appellant's criminally injurious conduct. Appellee approved Presley's applications and paid her reparations in the amount of $19,529.43. Seeking to recoup this sum from appellant, appellee filed the present action against appellant, asserting its subrogation rights pursuant to R.C. 2743.72(A). Service of the complaint was made on appellant on or around July 11, 2002.
 {¶ 3} On July 18, 2002, appellant filed a request for discovery, a motion to change venue, and a motion seeking an extension of time to file his answer to appellee's complaint. By decisions filed September 18, 2002, the trial court resolved appellee's motions and granted appellant until October 19, 2002, to file his answer. The trial court also notified appellant that the failure to file an answer could result in the entry of a default judgment. On October 2, 2002, appellant filed motions for reconsideration of the trial court's September 18th decisions. In its decision filed November 18, 2002, the trial court denied those motions, ordered appellant to file an answer within 14 days of that decision, and warned him again that default judgment would be entered against him if he did not timely file an answer. In response, on December 3, 2002, appellant filed two documents: (1) entitled as a "Motion to Dismiss any Interest or any other Charges from Civil Action"; and (2) entitled as a "Motion to Clarify." The trial court dealt with both of these motions in decisions dated December 4, 2002, and ordered appellant to file an answer by December 17, 2002. The trial court again notified him that default judgment would be entered if he failed to file an answer. In response, on January 22, 2003, appellant filed a document entitled "Defendant's Responsive Pleading to Decisions of 12-5-2002."
 {¶ 4} Subsequently, on January 28, 2003, appellee filed a motion for default judgment against appellant due to appellant's failure to file an answer or responsive pleading. Appellee's motion contended that a hearing was not required because appellant had not entered an appearance in the matter. Appellant filed a memorandum in opposition to appellee's motion on February 7, 2002. Without a hearing, the trial court granted appellee's motion for default judgment on February 4, 2003.
 {¶ 5} Appellant appeals, assigning the following assignment of error:
 The Franklin County Court of Common Pleas, Judge John A. Connor, abused his discretion when failing to apply the mail-box rule to Appellant's Responsive pleading, mailed December 12, 2002, and denies the Appellant due course of law and the deferential treatment of an incarcerates [sic], pro-se inmate.
 {¶ 6} Appellant argues that the trial court erred in granting appellee a default judgment. Civ.R. 55(A) states, in pertinent part:
 * * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *
 {¶ 7} Consequently, this court has previously held that, "[i]f a party or his representative has appeared as a matter of record in any manner, the notice and hearing required by Civ.R. 55(A) must be given that party before default judgment can be properly granted." Hartmann v. Ohio Crime Victims Reparations Fund (2000), 138 Ohio App.3d 235, 238
(reversing entry of default judgment against prisoner who made an appearance when trial court failed to hold a hearing on default judgment motion). Without the notice and hearing required by Civ.R. 55(A), a default judgment is void and shall be vacated on appeal. Id.
 {¶ 8} The trial court did not hold a hearing before granting appellee's motion for default judgment. Appellee's motion asserted that a hearing was not required because appellant had not made an appearance in the matter. The trial court's entry granting default judgment stated that, "[d]efendant has not answered, filed a responsive pleading, or otherwise appeared in this case." We disagree. "An appearance is ordinarily made when a party comes into court by some overt act of that party that submits a presentation to the court." Alliance Group, Inc. v. Rosenfield (1996), 115 Ohio App.3d 380, 390. In this matter, appellant filed several motions with the court, including a motion for change of venue, a motion for discovery, two motions for reconsideration, and a motion for an extension of time to respond to appellee's complaint. All of these motions were filed before appellee filed its motion for default judgment. The filing of these motions constitutes an appearance for purposes of Civ.R. 55(A). See Hartmann, supra, at 238-239 (defendant's filing of three motions before motion for default judgment constituted an appearance); Steinmetz v. Woodgeard (Apr. 10, 1997), Fairfield App. No. 96 CA 46 (filing of "numerous motions" constituted an appearance by defendant).
 {¶ 9} Because appellant appeared in this matter, the trial court was required to provide appellant with notice and a hearing before it could properly grant default judgment. Hartmann, supra. There is no indication in the record that the trial court held a hearing on appellee's motion for default judgment. Accordingly, the trial court erred in granting appellee's motion for default judgment.
 {¶ 10} Appellant's assignment of error is sustained and the trial court's entry granting default judgment to appellee is vacated. The judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed and remanded.
BRYANT and SADLER, JJ., concur.