OPINION
{¶ 1} Defendant, Charles Ruetschle, appeals from an order of the trial court granting a motion for default judgment filed by Plaintiff, Columbia Credit Services Inc. ("Columbia").
 {¶ 2} On April 17, 2006, Columbia commenced an action *Page 2 
against Ruetschle seeking a judgment for $24,176.74, plus costs and interest. According to Columbia's Complaint, Ruetschle owed MBNA America this amount pursuant to a credit card agreement and an arbitrator's award, and MBNA allegedly had assigned Ruetschle's account to Columbia.
 {¶ 3} Ruetschle failed to file an Answer to Columbia's Complaint. On June 22, 2006, Columbia filed a motion for default judgment. The next day, counsel for Ruetschle filed a motion for leave to file an Answer out of time. On June 28, 2006, the trial court granted a default judgment to Columbia in the amount of $24,176.74, plus costs and six percent interest from the date of judgment.
 {¶ 4} Ruetschle filed a Civ. R. 60(B) motion to set aside the default judgment. The trial court scheduled the 60(B) motion for an August 18, 2006 non-oral hearing. On July 27, 2006, Ruetschle filed a timely notice of appeal from the trial court's entry of default judgment.
FIRST ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT INCORRECTLY GRANTED DEFAULT JUDGMENT AGAINST THE DEFENDANT-APPELLANT AND IN FAVOR OF THE PLAINTIFF-APPELLEE IN THIS CASE."
 {¶ 6} Ruetschle argues that the trial court erred in granting Columbia's motion for default judgment without giving *Page 3 
him the seven-day notice and hearing required by Civ. R. 55(A). We agree.
 {¶ 7} "A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading."Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Ass'n (1986),28 Ohio St.3d 118, 121, 502 N.E.2d 599 (citation omitted). Civ. R. 55(A) provides, in pertinent part: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." If the defendant has not made an appearance, he is not entitled to seven days' notice before judgment may be entered.Alliance Group, Inc. v. Rosenfield (1996), 115 Ohio App.3d 380, 390,685 N.E.2d 570; Civ. R. 55(A).
 {¶ 8} "An appearance is ordinarily made when a party comes into court by some overt act of that party that submits a presentation to the court." Rosenfield, 115 Ohio App.3d at 390 (citation omitted). Ruetschle made an appearance in the action on June 23, 2006, when he filed his motion to file an Answer out of time. Meglan, Meglan Co., Ltd. v.Bostic, Franklin App. No. 05AP-831, 2006-Ohio-2270, _14; Hartmannv. *Page 4 Ohio Crime Victims Reparations Fund (2000), 138 Ohio App.3d 235,238-39, 741 N.E.2d 149.
 {¶ 9} Once "a party or his representative has appeared as a matter of record in any manner, the notice and hearing required by Civ. R. 55(A) must be given that party before default judgment can be properly granted. . . . Even where a defendant's filings are subsequent to a plaintiff's motion for default, the defendant is deemed to have made an appearance and is entitled to the notice and hearing required under Civ. R. 55(A)." Hartmann, 138 Ohio App.3d at 238.
 {¶ 10} The motion for leave to file an answer out of time was an appearance for purposes of Civ. R. 55(A) that entitled Ruetschle to prior notice and a hearing. It is undisputed that the trial court failed to provide Ruetschle seven days' notice and a hearing on Columbia's motion prior to entering default judgment in favor of Columbia. Therefore, the trial court erred when it granted Columbia's motion for default judgment. Civ. R. 55(A); Hartmann, 138 Ohio App.3d at 238.
 {¶ 11} The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR {¶ 12} "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANTS MOTION TO SET ASIDE DEFAULT JUDGMENT IN THIS CASE."
 {¶ 13} Given our disposition of the first assignment of *Page 5 
error, the second assignment of error is overruled as moot.
 {¶ 14} The judgment of the trial court will be reversed and the cause remanded for further proceedings consistent with this Opinion.
FAIN, J. And DONOVAN, J., concur.
Copies mailed to:
William M. Emley, Esq.
Thomas R. Himmelspach, Esq.
Frederick B. Hatton, Esq.
 Hon. Timothy N. O'Connell *Page 1