PLANT EQUIPMENT, INC., Appellee,

v.

NATIONWIDE CONTROL SERVICE, INC., aka Nationwide
Control Services, Inc., Appellant.

[Cite as *Plant Equip., Inc. v. Nationwide Control Serv.,
Inc.,* 155 Ohio App.3d 46, 2003-Ohio-5395.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020809.

Decided Oct. 10, 2003.

**48**

Curt C. Hartman, for appellee.

Strauss & Troy, L.P.A., and August T. Janszen, for appellant.

DOAN, Judge.

{¶ 1} Defendant-appellant, Nationwide Control Service, Inc., a.k.a. Nationwide Control Services, Inc. (NCSI), appeals the trial court's judgment overruling its motion for relief from a default judgment. We reverse the trial court's judgment.

{¶ 2} Plaintiff-appellee, Plant Equipment, Inc. (PEI), filed a complaint against NCSI for breach of contract in which it alleged that NCSI had failed to make payments under the terms of a note. It also sought relief in quantum meruit for goods and services it had allegedly provided to NCSI.

{¶ 3} Luke Maxwell, the president and statutory agent of NCSI, filed an answer on behalf of the corporation. He did not sign the answer, although a signature line with his name typed underneath appeared under the certificate of service. PEI subsequently filed a motion to strike the answer because Maxwell was not an attorney and could not represent the corporation. The trial court granted PEI's motion.

{¶ 4} On June 1, 2001, PEI filed a motion for a default judgment. Three days later, on June 4, 2001, the court entered a default judgment in the amount of $82,695.97 against NCSI. PEI immediately began proceedings to collect the default judgment. On June 25, 2001, it submitted an amended entry of default judgment, which was signed by the trial court. This entry was virtually identical to the entry of June 4, 2001.

{¶ 5} On June 4, 2002, NCSI filed a Civ.R. 60(B) motion for relief from judgment. It argued that the default judgment was void because it had appeared in the action and it had not received notice of the hearing on the motion for default judgment as required by Civ.R. 55(A). It also argued that it was entitled to relief from judgment under Civ.R. 60(B)(1) because of "mistake, inadvertence, surprise or excusable neglect" and under Civ.R. 60(B)(5) for "any other reason justifying relief from judgment." The trial court overruled NCSI's motion, and this appeal followed.

{¶ 6} In its sole assignment of error, NCSI states that the trial court erred in overruling its motion for relief from judgment. It argues that it had appeared in the action for purposes of Civ.R. 55(A) and that it was therefore entitled to

written notice of the application for judgment at least seven days prior to the hearing on that application. This assignment of error is well taken.

{¶ 7} Civ.R. 55(A) provides that if a party against whom a default judgment is sought has appeared in the action, that party "shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." *Caldwell v. Alston* (Oct. 2, 1996), 1st Dist. No. C–950688, 1996 WL 557801. "An appearance is ordinarily made when a party comes into court by some overt act of that party that submits a presentation to the court." *Alliance Group, Inc. v. Rosenfield* (1996), 115 Ohio App.3d 380, 390, 685 N.E.2d 570. If a party or that party's representative has appeared as a matter of record in any manner, Civ.R. 55(A) requires that notice be given to that party. *Hartmann v. Ohio Crime Victims Reparations Fund* (2000), 138 Ohio App.3d 235, 238, 741 N.E.2d 149.

{¶ 8} We have little trouble holding that NCSI appeared in this action by filing an answer that was later ordered stricken by the trial court. Many courts have held that a filing is not even necessary. A telephone call from the alleged defaulting party to the other party expressing the intent to defend the suit is sufficient to constitute an appearance. *AMCA Internatl. Corp. v. Carlton* (1984), 10 Ohio St.3d 88, 90, 10 OBR 417, 461 N.E.2d 1282; *Miami Sys. Corp. v. Dry Cleaning Computer Sys., Inc.* (1993), 90 Ohio App.3d 181, 185–186, 628 N.E.2d 122; *Miamisburg Motel v. Huntington Natl. Bank* (1993), 88 Ohio App.3d 117, 125–126, 623 N.E.2d 163; *Baines v. Harwood* (1993), 87 Ohio App.3d 345, 347, 622 N.E.2d 372. Consequently, in this case, the filing of an answer by an officer of the defendant corporation meant that the corporation had appeared in the action within the meaning of Civ.R. 55(A), even if that answer was unsigned and was later stricken because it had not been filed by an attorney. See *Amiri v. Thropp* (1992), 80 Ohio App.3d 44, 52, 608 N.E.2d 824; *Lexis–Nexis v. Robert Binns Assoc., Inc.* (Dec. 1, 1998), 10th Dist. No. 98AP–228, 1999 WL 41064; *Nickschinski v. Lassiter* (Sept. 13, 1990), 8th Dist. Nos. 57685 and 57336, 1990 WL 130904.

{¶ 9} Because NCSI appeared in the action, it was entitled to notice of PEI's application for default judgment at least seven days prior to the hearing on that application. Since the default judgment was entered three days after the application for a default judgment was filed and served on NCSI, NCSI could not have received the appropriate notice.

{¶ 10} Further, the second default judgment entry dated June 25, 2001, did not cure the defect. The plain language of Civ.R. 55(A) requires a hearing and that an appearing defendant be given notice of the date of the hearing that will impose liability on that defendant. *Hartmann*, supra, 138 Ohio App.3d at 238–239, 741 N.E.2d 149; *Breeding v. Herberger* (1992), 81 Ohio App.3d 419, 422–

423, 611 N.E.2d 374; *Amiri,* supra, 80 Ohio App.3d at 52–53, 608 N.E.2d 824. Further, Loc.R. 13(A) of the Court of Common Pleas of Hamilton County states that "if the party against whom judgment by default is sought has appeared in the action, a hearing is required before the Court of Common Pleas Magistrate. Counsel shall schedule the hearing on the motion for default with the Assignment Commissioner."

{¶ 11} In this case, the certificate of service on PEI's application for default judgment stated only that it had served a copy of the application upon NCSI. It contained no mention of a hearing. Further, the court never provided any notice of the date of a default-judgment hearing to NCSI, and, in fact, it never actually held a hearing. Compare *Fid. Fed. Sav. Bank v. Williamson* (June 26, 1996), 1st Dist. No. C–940290, 1996 WL 348029 (though the motion for a default judgment served on the defendants did not contain the time and place of the hearing on the motion, the court served a separate notice, and a hearing before a magistrate was actually held). The court was apparently operating under the impression that NCSI had not appeared in the action and was not entitled to notice and a hearing, an error under the facts of the case. See *Hartmann,* supra, 138 Ohio App.3d at 239, 741 N.E.2d 149.

{¶ 12} The question becomes, then, what was the effect of this error? Little question exists that the trial court cannot enter a valid default judgment without the notice provided for in Civ.R. 55(A) and that such a default judgment must be reversed on appeal. *AMCA Internatl.,* supra, 10 Ohio St.3d at 91, 10 OBR 417, 461 N.E.2d 1282; *Gagliardi v. Flowers* (1984), 13 Ohio App.3d 238, 239, 13 OBR 290, 468 N.E.2d 933. However, NCSI did not appeal from the entry granting the default judgment but instead appealed the denial of its Civ.R. 60(B) motion.

{¶ 13} NCSI argues that the failure to provide the proper notice as required by Civ.R. 55(A) rendered the default judgment void, and, therefore, it was subject to collateral attack at any time. PEI contends that the error merely rendered the judgment voidable and that Civ.R. 60(B) provided the exclusive procedure for obtaining relief from that judgment. See *Mt. Olive Baptist Church v. Pipkins Paints & Home Improvement Ctr. Inc.* (1979), 64 Ohio App.2d 285, 287, 18 O.O.3d 319, 413 N.E.2d 850; *Herwell Publishing Co. v. Sabin Robbins Paper Co.* (Aug. 31, 1989), 8th Dist. No. 57430, 1989 WL 101804. It argues that because NCSI did not appeal the underlying default judgment, it may appeal the trial court's order overruling its motion for relief from judgment under Civ.R. 60(B) only under an abuse-of-discretion standard. See *Abrahamson v. Krebser* (Feb. 7, 1990), 1st Dist. No. C–880631, 1990 WL 10978.

{¶ 14} Our initial inclination would have been to hold that the failure to provide the proper notice rendered the default judgment voidable, requiring NCSI to

meet the requirements of Civ.R. 60(B), as some courts have held. See, e.g., *Miamisburg Motel*, supra, 88 Ohio App.3d at 127–128, 623 N.E.2d 163. But our examination of the Ohio Supreme Court's decision in *AMCA Internatl.* convinces us that the Ohio Supreme Court would hold that the error rendered the judgment void.

{¶ 15} In *AMCA Internatl.*, the appearing defendant appealed from the entry granting the default judgment. The supreme court held that a default judgment rendered without the notice required by Civ.R. 55(A) must be vacated on appeal. In so holding, it cited several federal cases, including *Bass v. Hoagland* (C.A.5, 1949), 172 F.2d 205. The court specifically spelled out that the *Bass* court had held that "a default against a defendant is void and without due process where the appearing defendant is not afforded the benefit of service of the three-day notice [required by the federal rules] and hence is susceptible to collateral attack." *AMCA Internatl.*, supra, 10 Ohio St.3d at 91, 10 OBR 417, 461 N.E.2d 1282. Relying on that language, one appellate court has held that the failure to provide the proper notice renders a default judgment void. See *Kingery's Black Run Ranch, Inc. v. Kellough* (Dec. 18, 2001), 4th Dist. No. 00CA2549, 2001 WL 1767382. See, also, *Hartmann*, supra, 138 Ohio App.3d at 238, 741 N.E.2d 149; *Lexis–Nexis*, supra, (Dec. 1, 1998), 10th Dist. No. 98AP–228.

{¶ 16} A judgment can be void not only for lack of jurisdiction, but also where the court acts in a manner contrary to due process. *Rondy v. Rondy* (1983), 13 Ohio App.3d 19, 22, 13 OBR 20, 468 N.E.2d 81; *Bank One Columbus, NA v. W. Ohio Services, Inc.* (Oct. 12, 1989), 10th Dist. No. 89AP–394, 1989 WL 119964. Following the language of *AMCA Internatl.*, we hold that the failure to provide the notice required by Civ.R. 55(A) rendered the default judgment void. A void judgment is a nullity. It may be collaterally attacked at any time, and the party attacking the judgment need not meet the requirements of Civ.R. 60(B). *Van DeRyt v. Van DeRyt* (1966), 6 Ohio St.2d 31, 36, 35 O.O.2d 42, 215 N.E.2d 698; *Sampson v. Hooper Holmes, Inc.* (1993), 91 Ohio App.3d 538, 540, 632 N.E.2d 1338; *Fourth & Plum Apts. v. Tuzzolino* (June 23, 2000), 1st Dist. No. C–990568, 2000 WL 799379. Accordingly, we sustain NCSI's assignment of error, reverse the trial court's judgment, and remand the case for further proceedings.

Judgment reversed
and cause remanded.

SUNDERMANN, P.J., and PAINTER, J., concur.