JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendants-appellants A-A1 Machine Supply Co. ("A-A1 Machine") and Russell Busse ("Busse") appeal the trial court's decision granting plaintiff-appellee CIT Group Equipment Financing, Inc.'s ("CIT") motion for default judgment and its decision denying A-A1 Machine's and Busse's motion for relief from judgment. Finding merit to this appeal, we reverse and remand.
 {¶ 3} On January 7, 2003, CIT filed a complaint against A-A1 Machine and Busse asserting claims for replevin and breach of contract involving a lease agreement and personal guaranty for commercial equipment. That same day, CIT also moved for repossession of the equipment without notice or a hearing. The trial court denied the motion and set the matter for a replevin hearing on March 12, 2003. Busse appeared at the hearing without counsel but indicated to the court that he was in the process of obtaining counsel for both himself and A-A1 Machine. As a result of his representation and CIT's recently filed motion for default judgment on March 11, 2003, the court scheduled a hearing for March 20 on both the motion for repossession and motion for default judgment.
 {¶ 4} On March 20, counsel for A-A1 Machine and Busse appeared for the hearing, and the court granted leave until April 3, 2003 to file an answer. The court also scheduled a pretrial for April 30, 2003. Prior to the pretrial, the parties filed an agreed order of possession regarding the equipment. On April 9, 2003, A-A1 Machine and Busse filed their answers without seeking further leave to file their answers instanter.
 {¶ 5} On April 30, A-A1 Machine and Busse failed to appear for the pretrial. Subsequently, the trial court issued an order on May 2, 2003, stating:
"Plaintiff's motion for hearing filed 3/11/03 is denied asmoot. plaintiff's motion for default filed 3/11/03 is granted.defendant failed to appear at a pt this date. Judgment is enteredin favor of the plaintiff in the amount of $92,476.80. However,plaintiff is to offset any amounts recovered from the sale of theequipment. Defendant is further ordered to pay the plaintiff'sattorneys' fees in the amount of $2,361.16."
 {¶ 6} As a result of the order, CIT moved for a judgment lien against A-A1 Machine and Busse. Following the judgment lien, A-A1 Machine and Busse moved for relief from judgment, which the court denied. A-A1 Machine and Busse appeal, raising two assignments of error.
 Void Judgment {¶ 7} In their first and second assignments of error, A-A1 Machine and Busse contend that the trial court's award of default judgment constitutes a void judgment because it deprived them of due process and as a result, the trial court should have granted their motion to vacate the judgment.
 {¶ 8} Civ.R. 55(A) provides in pertinent part:
"(A) Entry of judgment. When a party against whom a judgmentfor affirmative relief is sought has failed to plead or otherwisedefend as provided by these rules, the party entitled to ajudgment by default shall apply in writing or orally to the courttherefor * * *. If the party against whom judgment by default issought has appeared in the action, he (or, if appearing byrepresentative, his representative) shall be served with writtennotice of the application for judgment at least seven days priorto the hearing on such application. * * *"
 {¶ 9} Civ.R. 55(A) requires that a hearing be held on application for default if the party against whom default is sought has appeared in the action. Additionally, such party shall be served with written notice at least seven days prior to the hearing or the court's decision on the motion. Civ.R. 55(A). Without the requisite notice and hearing under Civ.R. 55(A), a default judgment is void and shall be vacated upon appeal. AMCAIntern. Corp. v. Carlton (1984), 10 Ohio St.3d 88; PlantEquip., Inc. v. Nationwide Control Serv., 155 Ohio App.3d 46,2003-Ohio-5395. See, also, Kingery's Black Run Ranch, Inc. v.Kellough (Dec. 18, 2001), Ross App. No. 00CA2549 (noting that a judgment is void only where the court lacks jurisdiction or where the court acts in a manner contrary to due process).
 {¶ 10} Specifically, A-A1 Machine and Busse argue that because they never received notice of a default hearing or notice that the court was considering the default motion, the court's order is a void judgment. We agree.
 {¶ 11} Our review of the record indicates that both A-A1 Machine and Busse were provided notice of the default motion and a default hearing scheduled for March 20. The parties appeared for the scheduled default hearing on March 20 and the trial court granted A-A1 Machine and Busse leave to file an answer until April 3, 2003. The court, however, gave no notice that if an answer was not timely filed it would conduct a default hearing at the April 30 pretrial, nor does the record reflect that the court actually held a default hearing. Accordingly, Civ.R. 55(A) requires that we vacate the void judgment.
 {¶ 12} The first and second assignments of error are well taken.
 {¶ 13} Judgment reversed and cause remanded for further proceedings consistent with this opinion.
Timothy E. McMonagle and Sean C. Gallagher, JJ., Concur.
It is ordered that said appellants recover of said appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.