OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Tameka Johnson, appeals the decision of the Youngstown Municipal Court that vacated its prior decision to grant default judgment to her. A trial court can vacate a judgment if, among other things, the movant can demonstrate one of the grounds for such relief listed in Civ.R. 60(B). In this case, the trial court did not abuse its discretion when concluding that Defendant-Appellee, Tony Romeo, demonstrated grounds for relief since he had "appeared in the action," as that phrase is used in Civ.R. 55(A), by writing a letter which disputed the claims to Johnson's attorney and the trial court did not follow the procedural requirements of that Rule when a defendant has appeared before granting default judgment. For these reasons, the trial court's decision vacating its prior judgment is affirmed.
 Facts {¶ 2} On May 6, 2004, Johnson filed a complaint in conversion against Romeo and achieved service on that complaint on May 11, 2004. Romeo did not file a response, so Johnson moved for default judgment on September 22, 2004. The certificate of service attached to that motion indicates that Romeo was sent a copy of the motion by regular mail on September 20, 2004. On September 24, 2004, the trial court granted default judgment to Johnson in the amount of $12,850.00. It then amended that judgment entry on January 13, 2005, to make more detailed findings.
 {¶ 3} On January 21, 2005, Johnson began collection proceedings against Romeo. Romeo promptly responded with a motion to vacate the default judgment on January 27, 2005. He later filed an amended motion on October 17, 2005. In his motion, Romeo claimed he sent a letter to Johnson's counsel responding to the complaint and contended that this was an "appearance" for the purposes of Civ.R. 55. He maintained that his failure to file the answer with the court should constitute excusable neglect for the purposes of Civ.R. 60(B). Johnson disputed Romeo's arguments in responses filed on March 28, 2005, and October 4, 2005.
 {¶ 4} The trial court heard the matter on September 21, 2005. In a judgment entry dated November 21, 2005, the trial court stated that Romeo's letter to Johnson's counsel constituted an "appearance" for the purposes of Civ.R. 55. It then granted Romeo's motion for relief from judgment.
 Civ.R. 60(B) {¶ 5} Johnson argues the following two assignments of error on appeal, each of which challenge the trial court's decision to vacate its prior judgment:
 {¶ 6} "The trial court erred in finding that Defendant made an appearance pursuant to Ohio Civil Rule of Procedure 55."
 {¶ 7} "The trial court erred in vacating the default judgment granted to the Plaintiff/Appellant."
 {¶ 8} Civ. R. 55(B) states that a trial court can only set aside a default judgment "in accordance with Rule 60(B)." "Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order." In re Whitman, 81 Ohio St.3d 239, 242, 1998-Ohio-0466. A party may obtain relief either through the full vacation of the prior judgment or by partial vacation or modification of that judgment. Id. at 243. Civ.R. 60(B) is remedial and should be liberally construed so the ends of justice may be served. Kay v. MarcGlassman, Inc., 76 Ohio St.3d 18, 20, 1996-Ohio-0430. To prevail upon a Civ.R. 60(B) motion, the movant must demonstrate: 1) a meritorious defense or claim to present if relief is granted; 2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." Strack v. Pelton,70 Ohio St.3d 172, 174, 1994-Ohio-0107.
 {¶ 9} A motion for relief from judgment pursuant to Civ.R. 60(B) may not be used as a substitute for a timely appeal. Doe v. Trumbull Cty.Children Serv. Bd. (1986), 28 Ohio St.3d 128, 131. Thus, the movant's arguments must not merely reiterate arguments which concern the merits of the case and could have been raised on appeal. Manigault v. FordMotor Co. (1999), 134 Ohio App.3d 402, 412, 731 N.E.2d 236.
 {¶ 10} When reviewing a trial court's decision regarding a Civ.R. 60(B) motion for relief from judgment, that decision will not be reversed unless the trial court abuses its discretion. Strack at 174. The term "abuse of discretion" constitutes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In this case, there is no dispute over whether Romeo demonstrated a meritorious defense or whether his motion was timely. Instead, the parties only dispute whether Romeo has demonstrated that he is entitled to relief under one of the grounds listed in Civ.R. 60(B). Romeo argues two such grounds in his motion: 1) he appeared in the action and was not given proper notice prior to default judgment and 2) his failure to respond constitutes excusable neglect. Because we conclude that the trial court properly granted Civ.R. 60(B) relief on the first ground, we do not need to address whether it also should have granted relief under the second ground.
 Appearance in an Action Under Civ.R. 55 {¶ 12} In this case, Johnson filed her complaint and it was properly served on Romeo. Six days after service was perfected, Romeo sent a letter by certified mail to Johnson's counsel which disputed the claims in Johnson's complaint. However, Romeo did not file any document with the court until after the trial court entered default judgment for Johnson. We are asked to decide if the trial court abused its discretion when it found that, given these facts, Romeo had appeared in the action pursuant to Civ.R. 55(A).
 {¶ 13} Civ.R. 55 governs the procedure for granting default judgment. It provides, in pertinent part:
 {¶ 14} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default issought has appeared in the action, he (or, if appearing byrepresentative, his representative) shall be served with written noticeof the application for judgment at least seven days prior to the hearingon such application." (Emphasis added) Civ.R. 55(A).
 {¶ 15} "Without the requisite notice and hearing under Civ.R. 55(A), a default judgment is void and shall be vacated upon appeal." Hartmann v.Ohio Crime Victims Reparations Fund (2000), 138 Ohio App.3d 235, 238.
 {¶ 16} Civ.R. 55(A) does not specifically address whether a party must file a document with the trial court to "appear in the action" and trigger the Rule's notice requirement and this court has yet to address the issue. Johnson cites State Farm Ins. Co. v. Valentino, 7th Dist. No. 02-CA-119, 2003-Ohio-3487, in support of her argument that some sort of official filing is necessary to trigger Civ.R. 55(A)'s notice requirement, but this case does not address that issue. The issue in that case was whether an untimely filed answer constituted an appearance for the purposes of Civ.R. 55(A). Quoting Alliance Group, Inc. v.Rosefield (1996), 115 Ohio App.3d 380, 390, this court noted that "'[a]n appearance is ordinarily made when a party comes into court by some overt act of that party that submits a presentation to the court.'" Id. at ¶ 25. However, this court never decided whether an appearancemust be made in the record because that issue was never before it. The same can be said for other cases addressing this general topic. SeeBaldwin Elec. Co. v. Cinemette Ser Corp. (Jan. 23, 1981), 7th Dist. No. 80-B-14.
 {¶ 17} Other appellate districts have addressed this issue and have disagreed over the minimum necessary to appear in an action under Civ.R. 55(A). For instance, the Second District has held that "the phrase `has appeared in the action,' suggests an appearance before the court, which, again, could either be in the form of the filing of a document, or a personal appearance before an officer of the court." Walton Const. Co.v. Perry (Oct. 25, 1996), 2nd Dist. No. 15707, at 2. In contrast, the First District has held that "[a] telephone call from the alleged defaulting party to the other party expressing the intent to defend the suit is sufficient to constitute an appearance." Plant Equip., Inc. v.Nationwide Control Serv., Inc., 155 Ohio App.3d 46, 2003-Ohio-5395, at ¶ 7; see also Miami Sys. Corp. v. Dry Cleaning Computer Sys., Inc.
(1993), 90 Ohio App. 181, 185 (Defense counsel's settlement negotiations with plaintiff's counsel was an appearance pursuant to Civ.R. 55(A).);Miamisburg Motel v. Huntington Natl. Bank (1993), 88 Ohio App.3d 117,126 (A defendant is entitled to notice of a motion for default judgment "when the party clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made."); Justice v. Sears, Roebuck Co. (Sept. 4, 1984), 2nd Dist. No. 8658 (An exchange of letters between parties in which defendant clearly indicated an intent to contest claim was sufficient to trigger Civ.R. 55(A)'s notice requirements.).
 {¶ 18} In our view, Ohio Supreme Court caselaw supports the more lenient interpretation of the Rule. In AMCA Intern. Corp. v.Carlton (1984), 10 Ohio St.3d 88, 91, the Ohio Supreme Court held that courts must follow the general policy of relaxing restrictive rules which prevent hearing of cases on their merits when addressing what constitutes an "appearance" for the purposes of Civ.R. 55(A). It found "little question" regarding whether the employer made an appearance in that case, noting, inter alia, that the employer had a telephone conference with the employee's attorney which communicated the employer's intent to defend the suit. Id. at 90.
 {¶ 19} Johnson is asking this court to construe Civ.R. 55(A) restrictively, so only parties which have actually filed a document with the court can have appeared in an action under that Rule. But this is directly contrary to the Ohio Supreme Court's policy of relaxing these kinds of restrictive rules which prevent hearing of cases on their merits. We agree with those districts which hold that a party makes an appearance in an action under Civ.R. 55(A) when the party clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made. See MiamisburgMotel at 126.
 {¶ 20} In this case, the trial court did not abuse its discretion when it concluded that Romeo's letter to Johnson's attorney clearly expressed his intent to defend the suit and, therefore, he had made an appearance in the case pursuant to Civ.R. 55(A). Furthermore, it is clear in the record that the trial court did not comply with the notification and hearing requirements of Civ.R. 55(A) before granting default judgment to Johnson. The Rule gives the allegedly defaulting party seven days to respond to a motion for default judgment before a hearing on the matter. The trial court granted default judgment to Johnson two days after she filed her motion. The trial court's failure to follow these notification procedures clearly constitutes a ground for relief under Civ. R. 60(B)(5), which is a catchall provision allowing relief for "any other reason justifying relief from the judgment."
 {¶ 21} Since the only dispute between the parties was whether Romeo had stated a ground for relief under Civ.R. 60(B), the trial court did not abuse its discretion by granting Romeo relief from default judgment under that Rule. This conclusion renders Johnson's second assignment of error moot.
 Conclusion {¶ 22} The trial court did not abuse its discretion when it granted Romeo's Civ.R. 60(B) motion for relief from judgment. There is no dispute regarding whether he demonstrated a meritorious defense or whether his motion was timely. Furthermore, the trial court did not abuse its discretion when it found that Romeo demonstrated a ground for relief under Civ.R. 60(B). Civ.R. 55(A) contains notification requirements before a court can grant default judgment if a defendant has "appeared in an action." A defendant can "appear in an action" by clearly expressing to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing is made. Romeo clearly expressed his intent to defend the suit in a letter sent to Johnson's attorney.
 {¶ 23} Accordingly, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.