[Cite as *U.S. Bank Natl. Assn. v. Bayless*, 2012-Ohio-2853.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. 11CAE120114 |
| BRIAN S. BAYLESS, ET AL. | |
|     Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Common
Pleas Court, Case No. 2008CVE0200280

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 19, 2012

APPEARANCES:

For Plaintiff-Appellee                  For Defendants-Appellants

SCOTT A. KING                             BRUCE M. BROYLES
TERRY W. POSEY, JR.                   5815 Market Street, Suite 2
Thompson Hine LLP                    Boardman, Ohio 44512
Austin Landing I
10050 Innovation Drive
Suite 400
Dayton, Oho 45342-4934

*Hoffman, J.*

{¶1}   Defendants-Appellants Brian and Karen Bayless (hereinafter "Bayless") appeal the November 22, 2011, and November 29, 2011 judgment entries entered by the Delaware County Court of Common Pleas, denying their motion to vacate and separate motion for relief from judgment, respectively, of the trial court's December 11, 2008 Judgment Entry, granting summary judgment to plaintiff-appellee U.S. Bank National Association as Trustee for SASCO Pass Through Mortgage Certificate Series 2005-RF4 (hereinafter "the Bank").

STATEMENT OF THE CASE[1]

{¶2}   This case returns to us a second time, again challenging the trial court's granting of summary judgment in favor of the Bank entered December 11, 2008.  A rendition of the procedural posture of this case can be found in our Opinion issued in *U.S. Bank National Association v. Bayless,* Delaware No. 09CAE01004, 2009-Ohio-6115.  Therein, this Court affirmed the trial court's decision granting the Bank summary judgment on its foreclosure action.

{¶3}   Subsequent to our prior decision entered November 13, 2009, Bayless filed a Notice of Appeal and Memorandum in Support of Jurisdiction in the Ohio Supreme Court.  On March 10, 2010, the Ohio Supreme Court declined jurisdiction.

{¶4}   On December 3, 2010, the trial court entered an order of sale of the subject property to the sheriff.  A Sheriff's Sale occurred on January 21, 2011, and on February 3, 2011, the trial court entered a Confirmation Order, ordering a deed and distributing sale assets.

---

[1] A rendition of the facts is unnecessary for our resolution of this appeal.

**{¶5}** On February 28, 2011, Bayless filed a Motion to Vacate Confirmation of Sale with Motion to Dismiss. The trial court denied the motion(s) on March 15, 2011. Bayless did not appeal that decision.[2]

**{¶6}** On November 18, 2011, Bayless filed a Motion to Stay Execution and Motion to Vacate the Foreclosure Entries asserting a due process violation in the trial court's entering of its original December 11, 2008 Judgment Entry, which this Court had previously affirmed. These motions were denied by the trial court on November 22, 2011.

**{¶7}** Thereafter, Bayless filed another Motion to Stay Execution and Motion for Relief from Judgment from the Foreclosure Entries on November 28, 2011. These motion(s) were denied by the trial court on November 29, 2011.

**{¶8}** It is from the last two judgment entries Bayless prosecutes this appeal assigning as error.

**{¶9}** "I. THE TRIAL COURT ERRED IN DENYING THE MOTION TO VACATE THE DECEMBER 11, 2008 JUDGMENT ENTRY.

**{¶10}** "II. THE TRIAL COURT ERRED IN DENYING THE MOTION FOR RELIEF FROM THE DECEMBER 11, 2008 JUDGMENT ENTRY."

I & II

**{¶11}** Because we find Bayless's assignments of error involve common and interrelated issues, we shall address them together.

---

[2] While normally we would find the issues raised in Bayless' appeal moot, we decline to do so in this case because the Bank was the purchaser of the foreclosed property at the Sheriff's Sale.

{¶12} Before addressing the merits of Bayless's arguments, an initial question arises as to whether a trial court has jurisdiction to vacate or otherwise alter a judgment once affirmed by an appellate court.

{¶13} In *State ex rel. Special Prosecutors v. Judges*, (1978), 55 Ohio St.2d 94, the Ohio Supreme Court examined the pivotal issue whether a trial court exceeded its jurisdiction in vacating a defendant's guilty plea after the court of appeals had affirmed the trial court's prior judgment convicting the defendant based upon that guilty plea. The Ohio Supreme Court determined once the court of appeals had affirmed the conviction entered by the trial court, there was "a total and complete want of jurisdiction by the trial court to grant the motion to withdraw…" Id. at 4. We believe an analogous argument may be made that once this Court affirmed the trial court's December 11, 2008 grant of summary judgment to the Bank, there was also a total and complete want of jurisdiction by the trial court to vacate that judgment.

{¶14} While *Special Prosecutors* may or may not have application to the appeal, sub judice, we choose not to base our decision on it.

{¶15} At first blush, it would appear Bayless's present arguments are barred by res judicata as they either were or were capable of being raised in the prior appeal of the trial court's December 11, 2008 judgment. However, Bayless asserts that judgment was void ab initio and, as such, res judicata does not preclude the subsequent collateral attacks against it initiated in November, 2011. If the judgment was merely voidable, res judicata applies.

{¶16} The issue thus becomes does Bayless' claim of denial of due process render the trial court's previous entry void ab initio or merely voidable. Bayless did not

respond to the Bank's Motion for Summary Judgment despite having been given an extension of time to do so. On October 7, 2008, the trial court issued an entry stating Bayless's Motion to Dismiss and the Bank's Motion for Summary Judgment shall be held in abeyance for sixty days and that if the matter was not resolved, mediation shall be completed on or before December 31, 2008.

{¶17} Despite having been given an extension of time to reply to the Bank's summary judgment motion, Bayless failed to do so, apparently relying on his initial Motion to Dismiss and assuming the anticipated future mediation relieved him of the obligation to respond. The trial court granted the Banks' motion 64 days after Bayless had been notified it would be held in abeyance for sixty days.[3]

{¶18} Bayless asserts the December 11, 2008 Judgment Entry is void due to a violation of Appellants' due process rights. In doing so, Bayless relies upon *Plant Equip., Inc. v. Nationwide Control Serv.*, Inc., 2003-Ohio-5395, where the appellate court held the failure to provide the defendant notice of hearing on the plaintiff's application for default judgment rendered the resulting default judgment void rather than voidable because the defendant therein had appeared in the action. As a result, the appellate court determined the default judgment could be attacked at any time and the defendant did not have to meet requirements for appealing a denial of a motion for relief from judgment.[4]

---

[3] As such, we find Bayless' claim the trial court granted summary judgment at a time when the pending motions were being held in abeyance, not supported by the record. (See Appellant's Brief at p. 5.)

[4] Unlike the appeal sub judice, the appellate court in *Plant Equip., Inc.* had not previously affirmed the judgment being attacked.

{¶19} Despite the obvious differences between a default judgment and a summary judgment motion, the major distinction between *Plant Equip. Inc.,* and this case is Bayless was notified of the Bank's motion for summary judgment and was given an opportunity to respond. Such satisfies the fundamental requirements of due process. Any claim of procedural due process or excuse for failing to respond to the Bank's motion for summary judgment could have been raised based on the extant record in the first appeal.

{¶20} Bayless also argues the December 11, 2008 judgment entry was improperly granted because it was entered by default pursuant to Loc.R. 7.07 of the Delaware County Court of Common Pleas. Bayless cites *Hotten v. Safe Auto Ins. Co.,* 2003-Ohio-4829, as support.

{¶21} In *Hotten*, the Ohio Supreme Court reviewed a conflict between Ohio's First and Sixth District Courts of Appeals[5] on the following issue: "Must a trial court, before ruling on a motion for summary judgment under Civ.R. 56, either set an oral or non-oral date or establish a cut-off date for parties to submit affidavits or materials opposing the motions?" Id., at ¶9. The Ohio Supreme Court held the local rule of Hamilton County Court of Common Pleas provided sufficient notice of hearing date and submission deadlines. However the *Hotten* Court went further to state "The lack of an adequate response to a motion for summary judgment by a nonmoving party does not entitle the moving party to summary judgment. Civ.R. 56(E) provides that when a party fails to respond properly to a summary judgment motion, summary judgment, *if*

---

[5] *Hall v. Klien* (September 3, 1999), Wood App. No. WD-99-001, 1999 WL 682584.

*appropriate,* shall be entered against the party."  Id. at ¶43, emphasis in original. Elaborating in a footnote, the Ohio Supreme Court stated:

**{¶22}** "To the extent Loc.R.14(B) seems to imply that the failure to file a response to a motion for summary judgment authorizes the court "to grant the motion as served and filed" with no further consideration, it is without effect.  A local rule cannot dispense with the requirements of Civ.R. 56(C) or Civ.R. 56(E).  Id.

**{¶23}**  To the extent Loc.R. 7.07 of the Delaware County Court of Common Pleas does similar, we find it is without effect.  However, we note both the *Hooten* and *Hall* cases were direct appeals from the grant of summary judgment.  The case sub justice is not.  While due process concepts of notice and opportunity to be heard are cognizable via collateral attack, the issue of the legal sufficiency of summary judgment is subject to direct appeal.  Such claimed error does not serve to render the judgment void, but rather voidable.  As such we find this issue could have been raised on direct appeal and is also now barred by res judicata.  Furthermore, our prior holding affirming the grant of summary judgment remains the law of the case.

**{¶24}**  Bayless's first and second assignments of error are overruled.

**{¶25}**  The judgments of the trial court are affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Edwards, J. concurs separately

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS

EDWARDS, J., CONCURRING OPINION

{¶26} I concur with the analysis and disposition of this case by the majority except as to the discussion of *State ex rel. Special Prosecutors v. Judges*, (1978), 55 Ohio St.2d 94.

s/ Julie A. Edwards

Judge Julie A. Edwards

JAE/rmn

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BRIAN S. BAYLESS, ET AL. | : | |
| | : | |
| Defendant-Appellants | : | Case No. 11CAE120114 |

For the reasons stated in our accompanying Opinion, the judgments of the

Delaware County Court of Common Pleas are affirmed.  Costs to Appellants.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


_____
HON. JULIE A. EDWARDS