[Cite as *Abbott v. Ford Dev. Corp.*, 2015-Ohio-5233.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| BRUCE ABBOTT, | : | APPEAL NO. C-140613 |
| | | TRIAL NO. A-1306328 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | : | |
| THE FORD DEVELOPMENT | : | |
| CORPORATION, | | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part and Cause Remanded

Date of Judgment Entry on Appeal:  December 16, 2015

*Strauss Troy Co. LPA*, *Brian J. O'Connell* and *D. Kris Brandenburg*, for Plaintiff-Appellee,

*Wood & Lamping LLP*, *C.J. Schmidt* and *Gregory G. Laux*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DeWine, Judge.**

{¶1} This is an appeal from the trial court's entry of a default judgment. Ford Development Corporation ("Ford") complains that it was not afforded notice and a hearing prior to the trial court's entry of default and that the court should have allowed it to file a late answer. The record demonstrates that the court properly entered a judgment on liability after a hearing, which was attended by Ford. Ford, however, was not provided notice of a subsequent hearing on damages. Thus, we affirm the trial court's finding of liability on the motion for default judgment, but remand for a hearing on damages after proper notice to Ford. We also conclude that the trial court did not err in denying Ford's motion to file a late answer.

## I. Background

{¶2} On September 17, 2013, Bruce Abbott filed a complaint against Ford alleging that construction work negligently done by Ford had resulted in damage to Abbott's residence. On October 29, 2013, Mr. Abbott filed a motion for a default judgment against Ford because Ford had failed to answer the complaint. Ford responded by filing a notice of appearance and a motion for leave to file its answer out of time. In its motion, Ford claimed that its failure to answer was excusable neglect because it had mistakenly presumed that its insurance company would defend the action.

{¶3} On December 17, 2013, Ford filed "Objections to Plaintiff's Proposed Journal Entry Granting Default Judgment to Plaintiff on Liability." According to Ford, a week earlier, on December 10, the court had informed the parties that it was granting Abbott's motion for a default judgment. That day, Mr. Abbott prepared a proposed entry. In its objections, Ford complained that the entry proposed by Abbott did not indicate the reason the court had granted default judgment—Ford's failure to file a

2

proposed answer. Ford also objected because the entry did not provide for a jury trial on damages. On January 15, 2014, the trial court entered judgment as to liability. In the entry, the court denied Ford's motion to file its answer out of time and stated that it would schedule a hearing on damages.

{¶4} On July 2, 2014, the magistrate "accepted evidence and argument" with respect to damages and issued a decision awarding Abbott damages in the amount of $23,628.38. Ford objected, arguing that it had not been given notice of the damages hearing. The trial court overruled Ford's objections to the magistrate's decision and entered final judgment in the amount of $23,628.38 in favor of Abbott.

## II. Judgment on Liability was Proper; Judgment on Damages Was Not

{¶5} The sole assignment of error is that the court erred when it granted a default judgment to Abbott. Ford complains (1) that it was not given notice of a hearing on Abbott's motion for a default judgment, (2) that no hearing on liability was held prior to the court's entry of judgment, (3) that it has meritorious defenses to Abbott's complaint and (4) that the court abused its discretion when it denied Ford's motion to file its answer out of time.

{¶6} The starting place for our review is Civ.R. 55, which prescribes the procedures to be followed prior to the entry of a default judgment. Under the rule, "[i]f the party against whom judgment by default is sought has appeared in the action, [it] * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Civ.R. 55(A); *see also* Hamilton County Common Pleas Loc.R. ("Loc.R.") 13(A). There is no question that Ford appeared in the action. Ford's notice of appearance—even though it was filed after Abbott's motion for default judgment—triggered the notice requirements contained in Civ.R. 55(A). *See Hartmann v. Ohio State, Crime Victim Reparations Fund*, 138 Ohio App.3d 235, 238,

3

741 N.E.2d 149 (10th Dist.2000). Although Civ.R. 55(A) could be read simply to require only that a party be given timely notice of a motion for a default judgment, Ohio courts, including this one, have read it more expansively: We have said that "Civ.R. 55(A) requires a hearing and that an appearing defendant be given notice of the date of the hearing that will impose liability on that defendant." *Plant Equip., Inc. v. Nationwide Control Serv., Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 1202 (1st Dist.). *See Breeding v. Herberger*, 81 Ohio App.3d 419, 422, 611 N.E.2d 374 (10th Dist.1992).

{¶7} The parties disagree about whether Ford was provided notice of a hearing in accordance with Civ.R. 55(A). Ford argues it was not. Abbott argues that Ford was given notice of the hearing, and points to the fact that Ford's counsel was in the courtroom for the hearing on December 10. Even assuming that there was no notice, Abbott's failure to comply with the notice requirements is not dispositive of Ford's assignment of error, however, because Ford was not prejudiced by the lack of notice. The record before us makes clear that, contrary to Ford's assertion, a hearing on the liability portion of the default-judgment motion was held by the court and attended by Ford.

{¶8} In its September 30, 2014 entry overruling Ford's objections to the magistrate's decision, the court stated, "*After a hearing*, plaintiff's motion for default judgment was granted." (Emphasis added.) Although the court's journal entry is unequivocal and should end any question as to whether a hearing was held, the dissent insists upon examining the record for support for the court's statement and concludes that the record is not clear. The two documents pointed to in support of its claim that no hearing occurred—the court's entry granting judgment on liability and the magistrate's decision on damages—merely state that the court had considered the motions and memoranda filed by the parties. Neither contradicts the court's unequivocal statement.

And if further support for the court's statement were needed, Ford's own filings indicate that there was a hearing. In its December 17, 2013 filing relating to Abbott's proposed journal entry on the default judgment, Ford refers to the hearing: "On December 10, 2013, the Court notified the parties that it was granting Abbott's Motion for Default Judgment because Ford had not filed a Proposed Answer." In its memorandum in support, after claiming that a hearing didn't happen, Ford states that the court's bailiff informed it why the court was entering a default judgment. Having been informed of the court's reason, Ford filed a proposed answer two days after the December 10 hearing.[1]

{¶9} It is unclear why, in Ford's estimation, the December 10 hearing was not sufficient to satisfy the Civ.R. 55(A) requirements. It may be that Ford, like the dissenting opinion, believes that the hearing needed to be "oral." The dissent maintains that the hearing required by Civ.R. 55(A) must be an "oral hearing." It cites as support *Plant Equipment, Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 1202, and Loc.R. 13(A). Neither the case nor the rule requires that the hearing prior to the entry of default be oral. Notably, the word "oral" appears in neither. Another rule, Loc.R. 14(C), provides that no civil matter will be set for oral argument unless requested by a party or directed by the court. Ford never requested oral argument.

{¶10} As reported in Ford's December 17, 2013 filing, information was communicated to Ford at the hearing. No more was required to meet the requirements of Civ.R. 55(A), which permits the court to "conduct such hearings or order such

---

[1] It is worth noting that the Hamilton County Clerk of Courts website affirms that there was a hearing. "[An Appellate court] can take judicial notice of court filings which are readily accessible from the internet." *Morello v. Ferrucio*, 5th Dist. Stark No. 2014CA00139, 2015-Ohio-1370, ¶ 9. *See State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8. According to the case schedule on the website, a hearing was set for December 10, 2013. http://www.courtclerk.org/case_summary.asp?sec=sched&casenumber=A1306328 (accessed Nov. 13, 2015).

references *as it deems necessary and proper* * * * ." (Emphasis added.) If we are to credit Ford's assertions in its objection to Abbott's proposed entry, the court saw that Ford had failed to file a proposed answer and decided to grant the default judgment on that basis.

{¶11} The court's judgment as to damages, however, is a different story. In its entry granting a default judgment on liability, the court stated that it would schedule a hearing on damages. Whether to hold a hearing on damages is left to the court's discretion. *See* Civ.R. 55(A); *DMAC v. Bochner*, 1st Dist. Hamilton Nos. C-840686 and C-840687, 1985 Ohio App. LEXIS 6841, *9-10 (July 31, 1985). But, surely, once a court determines that a hearing is necessary to establish the proper amount of damages, a defendant who has made an appearance is entitled to notice of that hearing. Mr. Abbott does not dispute Ford's assertion that it did not receive notice of the damages hearing. And unlike the liability hearing, there is no indication that a hearing was scheduled, much less attended by Ford. Because Ford did not receive notice of the damages hearing, we conclude that the court erred when it held a hearing on damages without first having given notice to Ford.

### III. Conclusion

{¶12} The assignment of error is overruled in part and sustained in part. We affirm the court's judgment as to Ford's liability and reverse its judgment as to damages. The case is remanded for a hearing on the issue of damages only.

Judgment accordingly.

**STAUTBERG, J.,** concurs.
**FISCHER, P.J.,** dissents.

**FISCHER, P.J.**, dissenting.

{¶13} I respectfully dissent.

6

{¶14} Ford was not afforded notice of the default-judgment hearing. And I cannot assume, as does the majority, that the failure to provide such notice to Ford was not prejudicial. In *Plant Equip. Inc. v. Nationwide Control Serv., Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, 798 N.E.2d 1202, ¶ 16 (1st Dist.), this court held that Loc.R.13 and Civ.R. 55 require an oral hearing before a default judgment can be entered against an appearing party.

{¶15} The record in this case does not demonstrate that the trial court ever held an oral hearing on liability before entering a default judgment against Ford. No hearing date appears in the certified copy of the docket and journal entries certified for our review. Although the trial court stated in its entry overruling Ford's objections that it had held such a hearing, there is no independent evidence in the record certified to this court to support such an assertion. In fact, the record contains two prior entries—one from the trial court when granting judgment on liability and one from the magistrate granting damages—which indicate that the trial court granted a default judgment as to Ford's liability based on the parties' filings.

{¶16} It is well established that a trial court speaks only through its docket and journal entries. *See, e.g.*, *State v. Jones*, 1st Dist. Hamilton No. C-110603, 2012-Ohio-2075, ¶ 11. The majority assumes that the trial court granted the default judgment as to Ford's liability, because Ford had not filed an answer, but the trial court's entry granting default judgment, which was journalized a month after Ford had filed its answer in this case, supplies no reason for the trial court's decision.

{¶17} Rather than send the case back for an oral hearing as to Ford's liability, which would be consistent with this court's long-standing case law in *Plant Equipment Inc.*, the majority effectively walks away from the holding in that case. In an effort to find the requisite notice and "hearing" in this case, the majority, without

affording the parties a hearing on the issue as set forth under Evid.R. 201(E), takes judicial notice of the clerk of courts website, which contains a setting for a hearing on December 10, 2013, and it cobbles it together with a statement by Ford's counsel in a filing that it had come to court on December 10, 2013, only to be informed by the court's bailiff that the court was granting the default judgment.

{¶18}  The clerk's website is not a part of our record. *See* App.R. 9(A). Furthermore, just because a hearing had been set in the case does not mean the hearing occurred.  A statement by a bailiff, moreover, cannot be equated with the hearing required under Civ.R. 55 and Loc.R. 13.

{¶19}  Here, where the trial court's entries are contradictory on the hearing issue, Ford has assigned as error the lack of an oral hearing, there is no independent evidence in the record to show an oral hearing took place, and our long-standing case law requires an oral hearing, I would not affirm the grant of the default judgment as to Ford's liability.  Instead, I would reverse the default judgment and remand the cause for further proceedings.  Because issues relating to Ford's failure to timely answer are intertwined with the review of the default judgment motion, I would leave the matter for the trial court to decide upon remand.

Please note:

The court has recorded its own entry on the date of the release of this opinion.